Debra A. Dandeneau (*pro hac vice pending*)
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Phone: (212) 626-4875
Fax: (212) 310-1600
Email: Debra.Dandeneau@bakermckenzie.com

Geana M. Van Dessel, WSBA #35969
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Email: geanav@leehayes.com

*Attorneys for DOC-3730 Plaza Way MOB, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Kennewick Public Hospital District,<br><br>                       Debtor. | Chapter 9<br><br>No. 2:17-bk-02025-FPC9<br><br>DOC-3730 PLAZA WAY MOB, LLC'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER CONFIRMING PROTECTIONS OF SECTIONS 362, 365, AND 922 OF BANKRUPTCY CODE<br><br>Hearing Date: July 10, 2017<br>Time: 1:30 p.m. |

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 1

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

17-02025-FPC9    Doc 45    Filed 07/07/17    Entered 07/07/17 11:17:49    Pg 1 of 9

1    DOC-3730 Plaza Way MOB, LLC (the "***Medical Office Landlord***")

2 hereby objects to the *Debtor's Motion for Entry of Order Confirming*

3 *Protections of Sections 362, 365, and 922 of Bankruptcy Code* (ECF No. 20)

4 (the "***Motion***"), and respectfully represents as follows:

5                                    **Preliminary Statement**

6       1.       The relief sought by Kennewick Public Hospital District (the

7 "***District***") does not merely confirm the applicability of sections 362, 365, and

8 922 of Title 11 of the United States Code (the "***Bankruptcy Code***") to this case.

9 Rather, the District's Proposed Order (as hereinafter defined) is both (i) under-

10 inclusive, in that it selectively paraphrases only certain sections that apply to a

11 chapter 9 debtor, and (ii) over-inclusive, in that it contains certain broad

12 language that appears to expand the substantive rights of a chapter 9 debtor at

13 the expense of other stakeholders.

14      2.       Once a municipality commences a chapter 9 case, it is subject to

15 all of the sections in the Bankruptcy Code that apply to a chapter 9 debtor,

16 including those sections that Congress enacted for the protection of creditors

17 and other parties in interest.  A municipality may not cherry pick which sections

18 apply by selectively paraphrasing certain sections of the Bankruptcy Code and

19 certain propositions of law that it believes are favorable to its interests.

20      3.       The District's sole basis for the relief requested — that certain

21 parties may not understand chapter 9 and may possibly undertake certain

22 proscribed actions — only highlights that such issues are not ripe for

23 adjudication.  Due to the absence of an actual controversy, the Proposed Order

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 2

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

is drafted with broad and generic language that can have unintended consequences in the face of an actual controversy later in this case. Accordingly, the Motion should be denied.

**Background**

4.        The Medical Office Landlord owns a certain medical office building located in Kennewick, Washington (the "***Medical Office Building***"). The District is the sole tenant of the Medical Office Building pursuant to an unexpired prepetition real property lease with the Medical Office Landlord (the "***Medical Office Building Lease***").[1]  The Medical Office Building Lease has a remaining term of approximately 28 years.  The parcel of land upon which the Medical Office Building is situated is leased to the Medical Office Landlord by the District pursuant to a certain ground lease[2] that has a remaining term of approximately 56 years.

5.        Since January 2017, without any justification, the District has failed to pay rent to the Medical Office Landlord on account of the Medical Office Building Lease.

---

[1] *Medical Office Facility Lease*, dated as of November 25, 2013, between Kennewick Trios 2014 LLC and Kennewick Public Hospital District.  DOC-3730 Plaza Way MOB, LLC is the successor in interest to Kennewick Trios 2014 LLC.

[2] *Ground Lease*, dated November 25, 2013, between Kennewick Public Hospital District and Kennewick Trios 2014 LLC.

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 3

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

6. On June 2, 2017, the Medical Office Landlord sent a letter to the District demanding mediation, which is a condition precedent under the Medical Office Building Lease for the Medical Office Landlord to commence litigation on account of the District's failure to honor its rental payment obligations.

7. On June 30, 2017 (the "***Petition Date***"), during the midst of on-going discussions in which the District had purported to be working with the Medical Office Landlord to select a mediator, the District filed a petition with this Court for relief under chapter 9 of the Bankruptcy Code.[3]

**Objection**

8. Once a state chooses to allow a municipality to file for chapter 9 protection, the municipality is subject to all the provisions of chapter 9, including the specifically listed sections of the other chapters of the Bankruptcy Code that are incorporated pursuant to section 901 of the Bankruptcy Code. Neither the state nor the municipality may selectively cherry pick which provisions apply. *See In re City of Stockton, Cal.*, 478 B.R. 8, 17 (Bankr. E.D. Cal. 2012) (citing *In re City of Stockton, Cal.*, 475 B.R. 720, 727-29 (Bankr. E.D. Cal. 2012)) ("While a state may control the prerequisites for consenting to

---

[3] The District's CEO, Craig Cudworth, referred to the Medical Office Building Lease as a financing agreement in his first day declaration (ECF No. 5). The Medical Office Landlord disputes that characterization.

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 4

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

permit one of its municipalities (which is an arm of the state cloaked in the state's sovereignty) to file a chapter 9 case, it cannot revise chapter 9.").

9. The relief sought by the District does not merely confirm the applicability of sections 362, 365 and 922 of the Bankruptcy Code to this case. Instead, the relief modifies and potentially expands the substantive rights of the District at the expense of other stakeholders by allowing the District to cherry pick which substantive rights apply and then paraphrase them in an order of this Court.

10. For example, paragraph 7 of the proposed order (ECF No. 24) (the "***Proposed Order***") to the Motion provides, "Pursuant to sections 362 and 365 of the Bankruptcy Code, the District's counterparties to any executory contract or unexpired lease shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the District or otherwise expires by its own terms."

11. The language set forth in paragraph 7 is generic and broad. Intentionally or not, the language does not address related substantive issues of significance, such as section 365(d)(4) of the Bankruptcy Code, which requires a debtor that is a lessee under an unexpired lease of nonresidential property to assume or reject such unexpired lease within a statutorily specified timeframe.[4] Contrary to the Proposed Order's requirement that a counterparty must perform

---

[4] The timeframe under section 365(d)(4) is the earlier of (i) 120 days after the order for chapter 9 relief, or (ii) the date the confirmation order is entered. For

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 5

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

17-02025-FPC9   Doc 45   Filed 07/07/17   Entered 07/07/17 11:17:49   Pg 5 of 9

until a lease is assumed or rejected "by the District," section 365(d)(4) provides for the automatic rejection of such lease under operation of law if the lease is not assumed or rejected by the District within the requisite timeframe.[5]

12.     The Motion and the Proposed Order are also inconsistent with section 365(d)(3) of the Bankruptcy Code, which provides that a debtor-lessee under an unexpired lease of nonresidential real property shall timely perform all obligations under the lease (which includes rental payment obligations) arising after the order for chapter 9 relief until such lease is assumed or rejected. Undisputably, the District is required to comply with section 365(d)(3) notwithstanding the District's general assertion in the Motion that only the non-debtor counterparty to an executory contract is required to perform pending assumption or rejection of such contract.[6]

13.     The sole stated basis for the District to seek entry of the Proposed Order is the possibility that certain parties in interest may not understand

---

"cause," the 120 day period may be extended for an additional 90 days.  11 U.S.C. § 365(d)(4)(B)(i).

[5] In such scenario, section 365(d)(4) also requires the immediate surrender of the leased property to the non-debtor lessor.

[6] ECF No. 20 at 7 (quoting *Krafsur v. UOP (In re El Paso Refinery, LP)*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996) for the proposition that "Whether the debtor performs or not, the non-debtor must perform until assumption or rejection.").

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 6

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington  99201
Telephone: (509)324-9256 Fax: (509)323-8979

17-02025-FPC9     Doc 45     Filed 07/07/17     Entered 07/07/17 11:17:49     Pg 6 of 9

chapter 9, and, as such, they may undertake certain proscribed actions that violate protections available to a chapter 9 debtor. The mere possibility that such theoretical (and unspecified) third party actions may later occur is an insufficient basis to ask this Court to enter a comfort order. The possibility that certain actions may occur only highlights that those issues are not ripe for adjudication. *See In re MacNeil*, 907 F.2d 903, 904 (9th Cir. 1990) (declining to render an advisory opinion on what the law would be upon a hypothetical state of facts); *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 905 (9th Cir. B.A.P. 1999) (doctrines of federal jurisprudence, including ripeness and existence of actual controversy, apply in bankruptcy). Due to the absence of a specific and actual controversy, the District drafted the Proposed Order with broad and generic language (such as that found in paragraph 7 of the Proposed Order) that may have unintended consequences in the face of an actual controversy later in this case.

14. Additionally, while it seeks an order that purports merely to confirm the applicability of sections 362 and 365 to this case, the District selectively paraphrases some sections of the Bankruptcy Code and summarizes some propositions of substantive law that it believes are favorable to its own interests. Yet, the District is bound by all the applicable subsections that comprise sections 362 and 365, with all of its attendant nuances and complexities, including those that Congress enacted for the protection of creditors and other parties in interest. No order sought by the District should be entered to the extent it suggests otherwise, as it may mislead other parties. For

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 7

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1 | all of the foregoing reasons, the relief requested by the District in the Motion

2 | should be denied.

3 |      Respectfully Submitted this 7th day of July 2017.

4 | By: s/ Geana M. Van Dessel

5 | Geana M. Van Dessel, WSBA #35969
Lee & Hayes, PLLC

6 | 601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201

7 | Phone: (509) 324-9256
Fax: (509) 323-8979

8 | Email: geanav@leehayes.com

9 |

10 | Debra A. Dandeneau (*pro hac vice pending*)
Baker & McKenzie LLP

11 | 452 Fifth Avenue
New York, NY 10018

12 | Phone: (212) 626-4875
Fax: (212) 310-1600

13 | Email: Debra.Dandeneau@bakermckenzie.com

14 | *Attorneys for DOC-3730 Plaza Way MOB, LLC*

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 8

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

17-02025-FPC9    Doc 45    Filed 07/07/17    Entered 07/07/17 11:17:49    Pg 8 of 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By: s/ Geana M. Van Dessel
Geana M. Van Dessel, WSBA #35969
Attorneys for DOC-3730 Plaza Way MOB, LLC
Lee & Hayes, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Fax: (509) 323-8979
Email: geanav@leehayes.com

DOC-3730 PLAZA WAY MOB, LLC'S
OBJECTION TO DEBTOR'S MOTION
CONFIRMING PROTECTIONS - 9

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

17-02025-FPC9    Doc 45    Filed 07/07/17    Entered 07/07/17 11:17:49    Pg 9 of 9