UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Case No. 17-02025-FCP9 |
| KENNEWICK PUBLIC HOSPITAL DISTRICT, d/b/a/ Trios Health, | **NOT FOR PUBLICATION** |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING PHILIPS MEDICAL CAPITAL, LLC RELIEF FROM THE AUTOMATIC STAY** |

THIS MATTER came before the Court on two motions, (1) Philips Medical Capital LLC's Motion for Order Compelling the Debtor to Make Post-Petition Lease Payments Pursuant to 11 U.S.C. § 365(d)(5) (ECF No. 144) and Philips Medical Capital's Motion for Order Granting Relief from the Automatic Stay if the Debtor Does Not Provide Adequate Protection (ECF No. 151) (collectively, the "Philips Motions"). The Court considered the two Philips Motions together. Among other things, the Court also reviewed the Debtor's objections (ECF Nos. 165; 449), response (ECF No. 166), supplemental briefs (ECF Nos. 268; 449), additional legal authority (ECF No. 285), emergency motion (ECF No. 346), and omnibus reply (ECF No. 399).

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

1    The Court reviewed the pleadings and records herein, heard argument of the
2    parties, and was fully advised in the premises. Contemporaneously with the entry
3    of these Findings of Fact and Conclusions of Law, the Court is entering its Order
4    Granting Philips Medical Capital, LLC Relief from the Automatic Stay ("Philips
5    Stay Relief Order"). Pursuant to Federal Rule of Civil Procedure 52, incorporated
6    by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7052 and
7    9014(c), the Court makes the following Findings of Fact and Conclusions of Law
8    in support of the Philips Stay Relief Order.
9        The court finds and concludes as follows:

## FINDINGS OF FACT

10   1.    Kennewick Public Hospital District ("Debtor") filed a chapter 9
11   bankruptcy petition on June 30, 2017 ("Petition Date").
13   2.    Debtor leases medical equipment ("Equipment") from Philips Medical
14   Capital, LLC ("Philips"), pursuant to a Master Lease Agreement and 59 Master
15   Lease Schedules (together, the "Leases"), entered into between December 7, 2011
16   and December 18, 2014. Declaration of Charles McAllister ("McAllister Decl."),
17   Exs. A and B-1 through B-59. (ECF No. 146).
18   3.    Debtor has made no payments to Philips since before the Petition
19   Date. McAllister Decl. Declaration of Charles McAllister Regarding Debtor's
20   Failure to Make Adequate Protection Payments. (ECF No. 426).
21   4.    The value of the Equipment is deteriorating over time at the rate of
22   $154,208.04 per month. Supplemental Declaration of Robert Nelson Herb in
23   Support of Modification of Adequate Protection Order ("Supp. Herb Decl.") (ECF
24   No. 339).
25   5.    Debtor has been regularly using the Equipment. Declaration of Tony
26   Sudduth in Support of Debtor's Motions for Orders Granting (A) Stay of the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

Philips Adequate Protection Order Pending Appeal and (B) Expedited Hearing Thereon. (ECF No. 348).

6.     Of the 59 Master Lease Schedules, 15 provide the lessee with the option to purchase the Equipment described therein at the expiration of the lease term for $1.00. These 15 Master Lease Schedules are referred to herein as the "Security Interest Transactions."

7.     Of the 59 Master Lease Schedules, 44 provide the lessee with the option to purchase the Equipment described therein at the expiration of the lease term for a price equal to the then fair market value of the Equipment. These 44 Master Lease Schedules are referred to herein as the "True Leases."

8.     The Equipment described in the True Leases has a useful life that exceeds the lease term and has a significant fair market value at the expiration of the lease term. Declaration of Robert Nelson Herb. (ECF No. 147).

9.     With regard to the True Leases, both the Debtor as the lessee and Philips as the lessor have property rights in the Equipment. Their respective rights are defined by the Leases. As the lessee the Debtor has the right to possess and to use the Equipment on the condition that it makes the required payments and performs its other obligations. As the lessor, Philips has the right to repossess the Equipment if the lessee defaults.

10.    With regard to the True Leases, the Master Lease Agreement makes clear that Philips is the owner of the Equipment. "The System is, and shall at all times be and remain the sole and exclusive property of Lessor." Master Lease Agreement, ¶ 6.

11.    The Debtor does not dispute that Philips is entitled to assert claims for rent, including for the period after the Petition Date. (ECF No. 449).

12.    With regard to the 15 Security Interest Transactions, in section 15 of

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

the Master Lease Agreement, Debtor expressly grants a security interest to Philips:

> For any Lease where Lessee has a $1.00 purchase option or a Put Option or if this Agreement or any Lease hereunder is otherwise deemed at any time to be one intended as security, then Lessee grants Lessor a security interest in the System (and all accessions thereto and substitutions therefore) and the proceeds from the sale, lease or other disposition of the System, this security interest secures all indebtedness owing under the Lease and all other leasing schedules, whether now existing or hereafter arising, held by the same Lessor at any given point in time.

13.    Philips provided public notice of its security interest in the Equipment by filing financing statements with the Washington Department of Licensing. McAllister Decl., Exs. B-1 through B-59. (ECF No. 146).

14.    To adequately protect Philips' interest in the Equipment, the Debtor needed to make a monthly payment of at least $110,000 in the month of October, 2017. The Debtor failed to make such a payment.

15.    Philips is not the only creditor of the Debtor that claims the Debtor is not making post-petition payments. (*See* ECF Nos. 167; 203).

16.    Allowing the Debtor to continue to use the Equipment without making any payments to Philips for more than four months, is an "unreasonable delay" (as that term is used in 11 U.S.C. § 930(a)(2)), and that delay is prejudicial to Philips as a creditor.

17.    Requiring the Debtor to make monthly adequate protection payments to Philips and other lease creditors may force the Debtor to reduce operations; however, cause exists to grant Philips relief from stay pursuant to 11 U.S.C. § 362(d) if adequate protection payments are not made to Philips. Adequate protection payments by the Debtor to Philips are necessary to cover the diminution in value to the Equipment.

18.    The Debtor has not offered Philips any adequate protection other than to state it "is actively engaged in ongoing negotiations" with a potential buyer. (ECF No. 348 at p.3, ¶ 7).

19.    The Debtor argues neither 11 U.S.C. § 363 nor § 365(d)(5) apply in cases under Chapter 9. However, the Debtor makes no similar argument with respect to 11 U.S.C. §§ 361 or 362.

20.    Relief from stay for Philips does not preclude Philips and the Debtor from negotiating an amicable solution. Even with relief from stay, Philips may agree to delay the exercise of its rights.

21.    If the Debtor does not have the cash flow to make adequate protection payments to Philips, but the Debtor is in serious negotiations with a potential purchaser, none of this Court's orders preclude the Debtor from seeking a loan from the potential purchaser.

22.    On October 5, 2017, as a result of the Philips Motions and the Debtor's opposition to the Philips motions, the Court entered the Order Re Post-Petition Lease Payments to Philips Medical Capital, LLC and Re Relief from Automatic Stay ("Philips Order"). (ECF No. 318). The Philips Order does not require the Debtor to make payments, but it does provide for a schedule by which Philips would be entitled to relief from stay if the Debtor cannot or chooses not to make a specified payment.

23.    In order to balance the interests of the Debtor, and the interests of the community served by the Debtor, with the interests of Philips, the Philips Order minimized adverse consequences to the Debtor by not forcing the Debtor to immediately make adequate protection payments. In accordance with the Philips Order, the Debtor's first adequate protection payment to Philips was not due until October 31, 2017. Moreover, the Philips Order provides that even if an adequate

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

protection payment was not made by the Debtor to Philips by October 31, 2017, an order for relief from stay would not be entered prior to November 10, 2017, and that the relief from stay order could not waive the additional 14-day waiting period provided by Bankruptcy Rule 4001(a)(3).

24.    The schedule for relief from stay provided for in the Philips Order is better for the Debtor than if the Court: (a) exercised its power to set October 31, 2017 as the date to assume leases pursuant to 11 U.S.C. § 365; or (b) dismissed this case pursuant to 11 U.S.C. § 930(a)(2).

25.    The court provided the Debtor with a significant amount of time between when this case was filed and when relief from stay would be granted in order to give the Debtor the option of negotiating a sale of its operations and/or obtain financing for the continued operation of its business.

26.    Philips and the Debtor had time to discuss settlement options, but no settlement of the issues raised in the Philips Motions was consummated and as a result, on November 3, 2017, Philips filed a declaration that it still had received no post-petition payments from the Debtor. (ECF No. 426). This declaration demonstrates that the conditions for relief from stay, as set forth in the Philips Order, were satisfied. As a result, Philips proposed a relief from stay order on November 3, 2017. (ECF No. 427).

27.    Pursuant to the terms of the Philips Order, the Court waited 10 days from Philips filing the Declaration on November 3, 2017, before entering the Philips Stay Relief Order.

28.    Notice of the Philips Motions–after additional notice as directed by the Court—was properly given under Bankruptcy Rules 4001(a) and 9014, and this Court's Order Establishing Case Management Procedures (ECF No. 68), to all parties entitled to notice in this matter.

29.     The possibility of dismissal of a bankruptcy case, as opposed to granting relief from stay, was discussed with the Debtor in open court on September 8, 2017.

30.     Any Conclusion of Law or any portion thereof that is properly a Finding of Fact shall be deemed a Finding of Fact.

## CONCLUSIONS OF LAW

1.     Any Finding of Fact or any portion thereof that is properly a Conclusion of Law shall be deemed a Conclusion of Law.

2.     The Court has jurisdiction to hear and decide the Philips Motions pursuant to 28 U.S.C. §§ 1334 and 157.

3.     The Philips Motions are core proceedings under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue of this case in the Eastern District of Washington is proper under 28 U.S.C. § 1408, and venue of the Philips Motions in this district is proper under 28 U.S.C. § 1409(a).

4.     Bankruptcy Code §§ 361 (Adequate Protection) and 362 (Relief from Stay) apply to cases under Chapter 9 of the Bankruptcy Code pursuant to 11 U.S.C. § 901(a).

5.     The Fifth Amendment to the United States Constitution prohibits the government from taking private property for public use without just compensation. "The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." *United States v. Security Indus. Bank*, 459 U.S. 70, 75 (1982).

6.     The 44 True Leases are true leases within the meaning of Uniform Commercial Code ("UCC") section 1-203.

7.     Under the 44 True Leases, Philips is the owner of the Equipment.

8.     The 15 Security Interest Transactions are security interest transactions within the meaning of UCC section 1-203.

9.     RCW 62A.9A-109(d)(14) excludes from the scope of UCC Article 9 transfers "by this state or a governmental unit of this state"; however, RCW 70.44.060 grants to public hospital districts the power to "purchase, acquire, lease . . . sell and convey all lands, property, property rights, equipment, hospital and other health care facilities and systems . . ." RCW 70.44.060(2). Public hospital districts are expressly given the power to convey property and property rights.

10.     Washington state law expressly authorizes a public hospital district to purchase property by means of a conditional sales contract.

> Any public hospital district may execute an executory conditional sales contract with any other municipal corporation, the state, or any of its political subdivisions, the government of the United States, or any private party for the purchase of any real or personal property . . .

RCW 70.44.260.

11.     Philips' interests in the Equipment are not being adequately protected. Pursuant to 11 U.S.C. § 362(d), on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of section 362, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. Bankruptcy Code sections 361 and 362 apply in chapter 9 cases. 11 U.S.C. § 901(a). See COLLIER ON BANKRUPTCY ¶ 901.04 (16th ed. 2017). A bankruptcy court may grant relief from the automatic stay for "cause," which includes the lack of adequate protection. *In re County of Orange,* 189 B.R. 499, 501 (C.D. Cal. 1995). The bankruptcy court "has the power to order the [debtor] to provide the [creditor] with adequate protection as a condition for the

continuance of the automatic stay." *Alliance Capital Management L.P. v. County of Orange (In re County of Orange),* 179 B.R. 185, 190 (Bankr. C.D. Cal. 1995).

12.    The limitations on the power of this Court, which are set forth in 11 U.S.C. § 904, have to be read in conjunction with other sections of the Bankruptcy Code, including the power to dismiss this case pursuant to 11 U.S.C. § 930, and the provisions made applicable to a Chapter 9 debtor by 11 U.S.C. § 901, such as 11 U.S.C. §§ 361, 362.

13.    An entity with an interest in property in the possession of a debtor is entitled to adequate protection as a matter of right when the entity is stayed from enforcing its interest. COLLIER ON BANKRUPTCY ¶ 361.02 (16th ed. 2017).

14.    It is the responsibility of the Debtor to propose the means by which the creditor's interest in property will be adequately protected. *Metropolitan Life Ins. Co. v. Monroe Park (In re Monroe Park)*, 17 B.R. 934, 941 (D. Del. 1982).

15.    The Debtor is not precluded from borrowing money in order to make adequate protection payments to Philips.

16.    "'A bankruptcy court can lift the automatic stay, sua sponte.'" *In re Wardrobe*, 559 F.3d 932, 936 (9th Cir. 2009)(quoting *Swift v. Bellucci,* 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990).

17.    "Cause" within the meaning of 11 U.S.C. § 362(d)(1), exists to enter the Philips Stay Relief Order, because: (1) the Debtor is using Philip's Equipment for public use without paying just compensation to Philips; and (2) the Debtor is not providing adequate protection of Philip's interest in the Equipment, which is depreciating in value.

18.    To protect the interests of lessors, like Philips, as a more drastic alternative for the Debtor than granting relief from stay in accordance with the schedule set forth in the Philips Order, the Court could have ordered the Debtor,

pursuant to 11 U.S.C. §§ 365 and 901, to assume or reject leases by October 31, 2017.

19.    To protect the interests of creditors, like Philips, as a more drastic alternative for the Debtor than granting relief from stay in accordance with the schedule set forth in the Philips Order, the court could have dismissed this case pursuant to 11 U.S.C. § 930(a)(2).

///END OF ORDER///

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 10