UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

KENNEWICK PUBLIC HOSPITAL
DISTRICT, d/b/a/ Trios Health,

    Debtor.

Case No. 17-02025-FCP9

**NOT FOR PUBLICATION**

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW IN
SUPPORT OF ORDER GRANTING
KEY GOVERNMENT FINANCE,
INC, RELIEF FROM THE
AUTOMATIC STAY**

THIS MATTER came before the Court for consideration upon the Motion for Order Setting Deadline for Debtor to Assume or Reject Equipment Leases (the "Key Motion")(ECF No. 203), filed by Key Government Finance, Inc. ("Key Finance"). Among other things, the Court reviewed the Debtor's objections (ECF Nos. 255; 465), motion for leave to appeal and motion to shorten time (ECF No. 464), response (ECF No. 350), supplemental briefs (ECF Nos. 268; 449), additional legal authority (ECF No. 285), emergency motion (ECF No. 351), declarations (ECF Nos. 353; 400), reply (ECF No. 357), and omnibus reply (ECF No. 399).

The Court reviewed the pleadings and records herein, heard argument of the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

parties, and was fully advised in the premises. Contemporaneously with the entry of these Findings of Fact and Conclusions of Law, the Court is entering its Order Granting Key Government Finance Inc., Relief from the Automatic Stay ("Key Finance Stay Relief Order"). Pursuant to Federal Rule of Civil Procedure 52, incorporated by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7052 and 9014(c), the Court makes the following Findings of Fact and Conclusions of Law in support of the Key Finance Stay Relief Order.

The court finds and concludes as follows:

## FINDINGS OF FACT

1. Kennewick Public Hospital District ("Debtor") filed a chapter 9 bankruptcy petition on June 30, 2017 ("Petition Date").

2. The Debtor and Philips Medical Capital ("Philips") were parties to a Master Lease Agreement dated December 7, 2011 (as amended from time to time, the "Master Lease"), under which the Debtor leases certain medical equipment (the "Equipment"). Schafer Declaration, ¶ 2, Ex. A. The Debtor and Philips entered into various Master Lease Schedules, each constituting an independent lease issued pursuant to the Master Lease and subject to its terms. Schafer Declaration, ¶ 3. Philips assigned to Key Finance eight (8) independent lease schedules and all related rights under the Master Lease (collectively, the "Key Lease Schedules"). Schafer Declaration, ¶¶ 3-4, Exs. B-1 through B-8, Ex. C.

3. None of the durational terms of the Key Lease Schedules have expired. Schafer Declaration, Ex. A § 20. The Debtor has made none of the monthly lease payments due Key under these leases since before the Petition Date. Schafer Declaration, ¶¶ 6-7, Ex. D.

4. The Debtor has been using, and continues to use, the Equipment without paying for such use. (*See*, ECF No. 353, Declaration of Tony Sudduth in

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

Support of Debtor's Motions for Orders Granting (A) Stay of the Key Adequate Protection Order Pending Appeal and (B) Expedited Hearing Thereon), ¶¶ 8 and 10).

5.      Through the Debtor's use and the passage of time, the value of the Equipment is deteriorating at the rate of no less than $83,000 per month. DiBerardino Declaration, ¶ 6, Ex. A.

6.      Of the eight Key Lease Schedules, one provides the lessee with the option to purchase the Equipment described therein at the expiration of the lease term for $1.00 (the "Security Interest Transaction").  Schafer Declaration, ¶ 5, Ex. B-3.

7.      Of the eight Key Lease Schedules, seven provide the lessee with the option to purchase the Equipment described therein at the expiration of the lease term for a price equal to the then fair market value of the Equipment (the "True Leases").  Schafer Declaration, ¶ 5, Exs. B-1 through B-2 and B-4 through B-8.

8.      The Equipment described in the True Leases has a useful life that exceeds the lease term and has a significant fair market value at the expiration of the lease term. DiBerardino Declaration, ¶ 6, Ex. A.

9.      With regard to the True Leases, both the Debtor, as the lessee, and Key, as assignee of the lessor, have property rights in the Equipment.  Their respective rights are defined by the Leases.  As the lessee, the Debtor has the right to possess and to use the Equipment on the condition that it makes the required payments and performs its other obligations.  As assignee of the lessor, Key Finance has the right to repossess the Equipment if the lessee defaults.  Key Finance remains the owner of the Equipment unless the Debtor exercises its option at the end of the lease term to purchase the Equipment for a price equal to the Equipment's fair market value.

10.     With regard to the True Leases, the Master Lease provides that Key is the owner of the Equipment.  See, Schafer Declaration, Ex. A (Master Lease), ¶ 6 ("The System is, and shall at all times be and remain the sole and exclusive property of Lessor…").

11.     With regard to the Security Interest Transaction, the Debtor expressly grants a security interest to Key Finance, as Philip's assignee, under Section 15 of the Master Lease:

> For any Lease where Lessee has a $1.00 purchase option or a Put Option or if this Agreement or any Lease hereunder is otherwise deemed at any time to be one intended as security, then Lessee grants Lessor a security interest in the System (and all accessions thereto and substitutions therefore) and the proceeds from the sale, lease or other disposition of the System, this security interest secures all indebtedness owing under the Lease and all other leasing schedules, whether now existing or hereafter arising, held by the same Lessor at any given point in time.

Schafer Declaration, Ex. A (Master Lease) § 15.

12.     Public notice of Key's security interest in the Equipment was provided by filing financing statements with the Washington Department of Licensing.  See, Second Schafer Declaration, ¶ 2, Ex. A.

13.     The Debtor does not dispute that Key Finance is entitled to assert claims for rent, including for the period after the Petition Date. (ECF No. 465).

14.     To adequately protect Key Finance's interest in the Equipment, the Debtor needed to make a monthly payment of at least $83,000 in the month of October, 2017. The Debtor failed to make such a payment.

15.     Key Finance is not the only creditor of the Debtor that claims the Debtor is not making post-petition payments. (*See* ECF Nos. 146; 167).

16.     Allowing the Debtor to continue to use the Equipment without making any payments to Key Finance for more than four months, is an "unreasonable

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

delay" (as that term is used in 11 U.S.C. § 930(a)(2)), and that delay is prejudicial to Key Finance as a creditor.

17.     Requiring the Debtor to make monthly adequate protection payments to Key Finance and other lease creditors may force the Debtor to reduce operations; however, cause exists to grant Key Finance relief from stay pursuant to 11 U.S.C. § 362(d) if adequate protection payments are not made to Key Finance. Adequate protection payments by the Debtor to Key Finance are necessary to cover the diminution in value to the Equipment.

18.     The Debtor has not offered Key Finance any adequate protection other than to state it "is actively engaged in ongoing negotiations" with a potential buyer. (ECF No. 348 at p.3, ¶ 7).

19.     The Debtor argues neither 11 U.S.C. § 363 nor § 365(d)(5) apply in cases under Chapter 9. However, the Debtor makes no similar argument with respect to 11 U.S.C. §§ 361 or 362.

20.     Relief from stay for Key Finance does not preclude Key Finance and the Debtor from negotiating an amicable solution. Even with relief from stay, Key Finance may agree to delay the exercise of its rights.

21.     If the Debtor does not have the cash flow to make adequate protection payments to Key Finance, but the Debtor is in serious negotiations with a potential purchaser, none of this Court's orders preclude the Debtor from seeking a loan from the potential purchaser.

22.     On October 5, 2017, as a result of the Key Finance Motion and the Debtor's opposition to the Key Finance motions, the Court entered the Order Re Post-Petition Lease Payments to Key Government Finance, Inc. and Re Relief from Automatic Stay ("Key Finance Order"). (ECF No. 319). The Key Finance Order does not require the Debtor to make payments, but it does provide for a

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

schedule by which Key Finance would be entitled to relief from stay if the Debtor cannot or chooses not to make a specified payment.

23.     In order to balance the interests of the Debtor, and the interests of the community served by the Debtor, with the interests of Key Finance, the Key Finance Order minimized adverse consequences to the Debtor by not forcing the Debtor to immediately make adequate protection payments. In accordance with the Key Finance Order, the Debtor's first adequate protection payment to Key Finance was not due until October 31, 2017. Moreover, the Key Finance Order provides that even if an adequate protection payment was not made by the Debtor to Key Finance by October 31, 2017, an order for relief from stay would not be entered prior to November 10, 2017, and that the relief from stay order could not waive the additional 14-day waiting period provided by Bankruptcy Rule 4001(a)(3).

24.     The schedule for relief from stay provided for in the Key Finance Order is better for the Debtor than if the Court: (a) exercised its power to set October 31, 2017 as the date to assume leases pursuant to 11 U.S.C. § 365; or (b) dismissed this case pursuant to 11 U.S.C. § 930(a)(2).

25.     The court provided the Debtor with a significant amount of time between when this case was filed and when relief from stay would be granted in order to give the Debtor the option of negotiating a sale of its operations and/or obtain financing for the continued operation of its business.

26.     Key Finance and the Debtor had time to discuss settlement options, but no settlement of the issues raised in the Key Finance Motion was consummated and as a result, on November 7, 2017, Key Finance filed a declaration that it still had received no post-petition payments from the Debtor. (ECF No. 443). This declaration demonstrates that the conditions for relief from stay, as set forth in the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6

Key Finance Order, were satisfied. As a result, Key Finance proposed a relief from stay order on November 7, 2017. (ECF No. 439).

27.     Pursuant to the terms of the Key Finance Order, the Court waited 10 days from Key Finance filing the Declaration on November 7, 2017, before entering the Key Finance Stay Relief Order.

28.     Notice of the Key Finance Motion –after additional notice as directed by the Court– was properly given under Bankruptcy Rules 4001(a) and 9014, and this Court's Order Establishing Case Management Procedures (ECF No. 68), to all parties entitled to notice in this matter.

29.     The possibility of dismissal of a bankruptcy case, as opposed to granting relief from stay, was discussed with the Debtor in open court on September 8, 2017.

30.     Any Conclusion of Law or any portion thereof that is properly a Finding of Fact shall be deemed a Finding of Fact.

## CONCLUSIONS OF LAW

1.     Any Finding of Fact or any portion thereof that is properly a Conclusion of Law shall be deemed a Conclusion of Law.

2.     The Court has jurisdiction to hear and decide the Key Finance Motions pursuant to 28 U.S.C. §§ 1334 and 157.

3.     The Key Finance Motion is a core proceedings under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue of this case in the Eastern District of Washington is proper under 28 U.S.C. § 1408, and venue of the Key Finance Motion in this district is proper under 28 U.S.C. § 1409(a).

4.     Bankruptcy Code §§ 361 (Adequate Protection) and 362 (Relief from Stay) apply to cases under Chapter 9 of the Bankruptcy Code pursuant to 11 U.S.C. § 901(a).

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 7

5. The Fifth Amendment to the United States Constitution prohibits the government from taking private property for public use without just compensation. "The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." *United States v. Security Indus. Bank*, 459 U.S. 70, 75 (1982).

6. The seven True Leases are true leases within the meaning of Uniform Commercial Code ("UCC") section 1-203.

7. Under the seven True Leases, Key Finance is the owner of the Equipment.

8. The Security Interest Transaction is a security interest transaction within the meaning of UCC section 1-203.

9. RCW 62A.9A-109(d)(14) excludes from the scope of UCC Article 9 transfers "by this state or a governmental unit of this state"; however, RCW 70.44.060 grants to public hospital districts the power to "purchase, acquire, lease . . . sell and convey all lands, property, property rights, equipment, hospital and other health care facilities and systems . . ." RCW 70.44.060(2). Public hospital districts are expressly given the power to convey property and property rights.

10. Washington state law expressly authorizes a public hospital district to purchase property by means of a conditional sales contract.

> Any public hospital district may execute an executory conditional sales contract with any other municipal corporation, the state, or any of its political subdivisions, the government of the United States, or any private party for the purchase of any real or personal property . . .

RCW 70.44.260.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 8

11.     Key Finance's interests in the Equipment are not being adequately protected. Pursuant to 11 U.S.C. § 362(d), on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of section 362, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. Bankruptcy Code sections 361 and 362 apply in chapter 9 cases. 11 U.S.C. § 901(a). See COLLIER ON BANKRUPTCY ¶ 901.04 (16th ed. 2017). A bankruptcy court may grant relief from the automatic stay for "cause," which includes the lack of adequate protection. *In re County of Orange,* 189 B.R. 499, 501 (C.D. Cal. 1995). The bankruptcy court "has the power to order the [debtor] to provide the [creditor] with adequate protection as a condition for the continuance of the automatic stay." *Alliance Capital Management L.P. v. County of Orange (In re County of Orange),* 179 B.R. 185, 190 (Bankr. C.D. Cal. 1995).

12.     The limitations on the power of this Court, which are set forth in 11 U.S.C. § 904, have to be read in conjunction with other sections of the Bankruptcy Code, including the power to dismiss this case pursuant to 11 U.S.C. § 930, and the provisions made applicable to a Chapter 9 debtor by 11 U.S.C. § 901, such as 11 U.S.C. §§ 361, 362.

13.     An entity with an interest in property in the possession of a debtor is entitled to adequate protection as a matter of right when the entity is stayed from enforcing its interest. COLLIER ON BANKRUPTCY ¶ 361.02 (16th ed. 2017).

14.     It is the responsibility of the Debtor to propose the means by which the creditor's interest in property will be adequately protected. *Metropolitan Life Ins. Co. v. Monroe Park (In re Monroe Park)*, 17 B.R. 934, 941 (D. Del. 1982).

15.     The Debtor is not precluded from borrowing money in order to make

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 9

adequate protection payments to Key Finance.

16.     "'A bankruptcy court can lift the automatic stay, sua sponte.'" *In re Wardrobe*, 559 F.3d 932, 936 (9th Cir. 2009)(quoting *Swift v. Bellucci,* 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990).

17.     "Cause" within the meaning of 11 U.S.C. § 362(d)(1), exists to enter the Key Finance Stay Relief Order, because: (1) the Debtor is using Key Finance's Equipment for public use without paying just compensation to Key Finance; and (2) the Debtor is not providing adequate protection of Key Finance's interest in the Equipment, which is depreciating in value.

18.     To protect the interests of lessors, like Key Finance, as a more drastic alternative for the Debtor than granting relief from stay in accordance with the schedule set forth in the Key Finance Order, the Court could have ordered the Debtor, pursuant to 11 U.S.C. §§ 365 and 901, to assume or reject leases by October 31, 2017.

19.     To protect the interests of creditors, like Key Finance, as a more drastic alternative for the Debtor than granting relief from stay in accordance with the schedule set forth in the Key Finance Order, the court could have dismissed this case pursuant to 11 U.S.C. § 930(a)(2).

///END OF ORDER///