So Ordered.

Dated: December 12th, 2017

Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | Case No. 17-02025-FCP9 |
|---|---|
| KENNEWICK PUBLIC HOSPITAL DISTRICT, d/b/a/ Trios Health, | **NOT FOR PUBLICATION** |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING LIMITED STAY OF ORDER GRANTING KEY GOVERNMENT FINANCE, INC. RELIEF FROM AUTOMATIC STAY** |

THIS MATTER came before the court for consideration on the Motion to Stay Key Relief from Stay Order Pending Appeal filed by the Debtor (ECF No. 493) ("Motion"). Among other things, the court reviewed the motion to shorten time (ECF No. 494), Key Government Finance, Inc.'s ("Key Finance") objection (ECF No. 538), the Debtor's reply (ECF No. 559), and the Debtor's declaration (ECF No. 574).

The court reviewed the pleadings and records herein, heard argument of the parties, and was fully advised in the premises. Contemporaneously with the entry of these Findings of Fact and Conclusions of Law, the court is entering its Order Granting Limited Stay of Order Granting Key Government Finance, Inc. Relief

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

from Automatic Stay ("Order Granting Limited Stay"). Pursuant to Federal Rule of Civil Procedure 52, incorporated by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7052 and 9014(c), the court makes the following Findings of Fact and Conclusions of Law in support of the Order Granting Limited Stay.

The court finds and concludes as follows:

## **FINDINGS OF FACT**

1. Kennewick Public Hospital District ("Debtor") filed a chapter 9 bankruptcy petition on June 30, 2017.

2. On September 8, 2017, Key Finance filed a motion seeking an order setting a deadline of no more than 10 days for the Debtor to assume or reject the equipment leases with Key Finance. (ECF No. 203).

3. On October 5, 2017, the court issued an interlocutory order ("Interlocutory Order") conditioning the continuation of the automatic stay on the Debtor making adequate payments to Key Finance in the amount of $83,000 per month starting in October 2017. (ECF No. 319).

4. Under the terms of the Interlocutory Order, if the Debtor failed to make a monthly adequate protection payment to Key Finance, Key Finance could file a declaration regarding the Debtor's default and a proposed order for relief from stay on the first day of the following month. (ECF No. 319 ¶ 3).

5. The Debtor did not make a monthly adequate protection payment to Key Finance in October 2017. Key Finance filed a declaration regarding the Debtor's default and a proposed order on November 7, 2017. (*See* ECF No. 437, Declaration of Scott Shafer in Support of Entry of an Order Granting Key Government Finance, Inc. Relief from the Automatic Stay, ¶ 6; ECF No. 439). The Debtor objected. (ECF No. 465).

6. On November 17, 2017, this court entered (1) its Order Granting Key

Government Finance, Inc. Relief from the Automatic Stay ("Key Finance Stay Relief Order") and (2) its Findings of Fact and Conclusions of Law in Support of Order Granting Key Government Finance, Inc. Relief from the Automatic Stay. (ECF Nos. 477, 478).

7. Pursuant to the Key Finance Stay Relief Order, Key Finance will be able to commence efforts to repossess the leased equipment starting on December 7, 2017. (ECF No. 478 ¶ 2). As of December 6, 2017, Key Finance had not commenced repossession efforts.

8. The Debtor appealed the Key Finance Stay Relief Order and filed the Motion. (ECF Nos. 485, 493).

9. The court recognizes the important role the Debtor plays in the community. Not only does the Debtor provide healthcare services to Tri-Cities residents, but the Debtor serves as an employer to a significant number of people.

10. However, the Debtor cannot be allowed to use the leased equipment for an indeterminate period of time without making payments to Key Finance. While the court understands the public interest at stake here, Key Finance did not contract to freely and indefinitely support Tri-Cities residents in need of health care. Allowing the Debtor to continue to use the leased equipment without making any payments to Key Finance is prejudicial to Key Finance as a creditor.

11. The Debtor argues it will likely succeed on the merits on appeal for three reasons: (1) this court incorrectly held Key Finance has interests in the leased equipment requiring adequate protection, (2) the record lacks the requisite evidence of Key Finance's asserted interests in the leased equipment, and (3) this court violated section 904 of the Bankruptcy Code in the Key Finance Stay Relief Order. (*See* ECF No. 493). The court has previously made Findings of Fact and Conclusions of Law in relation to the Key Finance Stay Relief Order rejecting the

Debtor's arguments. (ECF No. 477) Those Findings of Fact and Conclusions of Law are incorporated here.

12. The court provided the Debtor with a significant amount of time between when this case was filed and when relief from stay was granted in order to give the Debtor the option of negotiating a sale of its operations and/or obtain financing for the continued operation of its business.

13. In open court on December 6, 2017, the attorney for the Debtor asserted that positive developments have recently occurred in connection with the Debtor's negotiations with a potential buyer. The potential buyer is a joint venture of RCCH HealthCare Partners and UW Medicine. These assertions were memorialized in the Declaration of Jack Cullen Regarding Plan Status that was filed on December 8, 2017. (ECF No. 574). In the declaration, Mr. Cullen states that beginning on December 8, 2017, he has been authorized to contact Key Finance and other equipment lessors to discuss terms for a plan of reorganization that would fully resolve the equipment lessors' claims.

14. Any Conclusion of Law or any portion thereof that is properly a Finding of Fact shall be deemed a Finding of Fact.

## **CONCLUSIONS OF LAW**

1. Any Finding of Fact or any portion thereof that is properly a Conclusion of Law shall be deemed a Conclusion of Law.

2. The Court has jurisdiction to hear and decide the Motion pursuant to 28 U.S.C. §§ 1334 and 157.

3. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue of this case in the Eastern District of Washington is proper under 28 U.S.C. § 1408, and venue of the Motion in this district is proper under 28 U.S.C. § 1409(a).

4. To determine whether a stay is appropriate, courts consider four factors: (1) whether the stay applicant has made a strong showing it is likely to succeed on the merits, (2) whether the applicant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

5. The stay applicant must make a certain threshold showing on each factor and then convince the court the balance of the four factors weighs in favor of issuing a stay. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

6. The Debtor has not shown it has a substantial case for relief on the merits.

7. However, in order to balance any harm to the Debtor, any injury to Key Finance, and the public interest, the court will, contemporaneously with these findings and conclusions, enter an order staying the Key Finance Stay Relief Order to January 11, 2018, in order to allow the parties the opportunity to discuss potential plan terms that could amicably resolve their differences.

///END OF ORDER///

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5