Katriana L. Samiljan, WSBA #28672
James L. Day, WSBA #20474
Thomas A. Buford, WSBA #52969
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206) 292-2110
Facsimile: (206) 292-2104
ksamiljan@bskd.com
jday@bskd.com
tbuford@bskd.com

Andrew I. Silfen*
George P Angelich*
Mark A. Angelov*
Jordana P. Renert*
(*Admitted *Pro Hac Vice*)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
andrew.silfen@arentfox.com
george.angelich@arentfox.com
mark.angelov@arentfox.com
jordana.renert@arentfox.com

Attorneys for the Official Committee of Unsecured Creditors of Kennewick Public Hospital District

HONORABLE FREDERICK P. CORBIT
Chapter 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

KENNEWICK PUBLIC HOSPITAL DISTRICT,

Debtor.

No. 17-02025-9

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY
– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212
17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 1 of 8

1         The Debtor's Motion to Strike the Committee's Reply to the Debtor's Objection to the Committee's Application to Retain Alvarez & Marsal Healthcare Industry Group, LLC (the "Motion to Strike") [ECF No. 618] is without merit.

        As detailed below, the Motion to Strike is the *second* non-substantive filing by the Debtor targeting the Committee's reply in support of the application to retain Alvarez & Marsal Healthcare Industry Group, LLC ("A&M"). While the Committee chose not to respond to the Debtor's prior opposition to the application to file the reply under seal, it has no choice but to oppose the Motion to Strike.

        Despite the Committee's overtures to work cooperatively and build consensus towards a successful resolution of this case, the Debtor has not shared with the Committee a copy of the term sheet it obtained from RCCH on December 27, 2017, has refused to disclose any of the terms to the Committee, and does not want the Committee involved in sale negotiations. The Debtor continues to erect hurdles to the Committee's access to information and litigate non-substantive issues, while bemoaning the financial cost of having the Committee in the case. It is an unproductive and costly scorched earth litigation strategy that continues to deplete resources and distract from the goal of restructuring a community hospital.

        Turning to the "substance" of the Motion to Strike, its entirety can be summarized as follows: the Reply in further support of the Committee's Application to retain A&M should have been filed not by the Committee as the movant but by A&M. Based on this, and no objection to the merits of the Reply or the retention application whatsoever, the Debtor filed a six-page motion, with attachments, asking that the Reply

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 2 of 8

be stricken.  Even a cursory review of the transcript or the applicable Rules requires outright denial of the Debtor's position.  So does common sense.

The Motion to Strike represents an entirely unnecessary expenditure of Debtor's resources in service of a completely immaterial point that, in any event, is patently wrong on the merits.  The Reply was filed in a fashion that conforms both to the Rules and to the Court's remarks at the December 6 hearing.

## ARGUMENT

### A.    The Motion to Strike Lacks Merit

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure says the following:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made *only on application of the trustee or committee.*

(emphasis added).

The Committee filed the initial Application, not A&M.  As the language of Rule 2014(a) makes clear, A&M has no particular cognizable interest in, or standing to seek, its own appointment - that interest belongs to the Committee - so that A&M could *not* have filed the initial Application.  At the same time, as Debtor's counsel assuredly knows, a "reply" is a paper that the moving party files in response to an objection or opposition to *that* party's initial request for relief.  Given this, for A&M (rather than the Committee) to have filed the Reply here would have been both a procedural abnormality and a violation of Rule 2014(a).  The matter is no more complex than this.

Ignoring the applicable rules and struggling for a "gotcha," the Debtor resorts to semantics.  The Debtor maintains that in the Court's statement that if "*they* want to file

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY
– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212
17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 3 of 8

a reply, the reply needs to be filed by December 15th," "they" meant A&M, to the exclusion of the Committee. *See* Motion to Strike at pp. 4-5 (emphasis added). There is really no more to the Debtor's argument than this.

The Debtor is simply wrong. Common sense dictates that the Court's remarks about the filing of the Reply referenced the movant, *i.e.* the Committee. The transcript independently supports this since at other points of the proceedings, when the Court contemplated that "they" would be filing a Reply, it clearly meant the Committee.[1] In that exchange, the Court explained to Debtor's counsel that a continuance of the reply date actually was better for the Debtor, in that it gave the Debtor a longer period to prepare for the hearing. The Court emphasized that it could simply deny the Committee's Application without prejudice, and give leave for a refiling (of what the Court referred to as "a motion") in advance of the January omnibus hearing.[2] The Court ultimately chose the continuance to December 15 in lieu of the denial and refiling

---

[1] For example, the December Hearing Transcript includes the following exchange:

JUDGE CORBIT: Okay. Strict reply by December 15th, which gives you more time . . .

JACK CULLEN: No, I . . .

JUDGE CORBIT: *Than if they filed it again*. So with respect to the . . . the consultants, financial managers, whatever the title is, that motion will be continued. It will be heard on the next omnibus calendar unless it's withdrawn. And if there is going to be reply, that reply is due to be filed and served on Mr. Cullen, which can be done electronically, by the 15th of this month.

December Hearing Transcript at p. 57 (emphasis added). Despite the Debtor's claim that the Court's use of "they" necessarily referred to A&M and constituted a "clear directive" to A&M to file a reply, the "they" in this exchange obviously refers to the Committee, given that A&M, not having filed the Application in the first place, certainly would not be able to "file[] it again." The Debtor's blustering certainty notwithstanding, the Court clearly meant "they" to refer here to the Committee, and it stands to reason, given the context, that it also meant its earlier use of "they" (to which the Debtor does cite) to refer to the Committee.

[2] The Court recognized that denying the retention application was not efficient and would lead to additional costs. The Motion to Strike asks the Court to abandon common sense and choose the costly and inefficient path.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 4 of 8

because this would give the Debtor nearly a month, rather than several days (in the case of a denial and refiling), to prepare for the January hearing. *See* December Hearing Transcript at p. 57.

But, again, under Rule 2014(a), had the Court simply denied the initial Application without prejudice, *only* the Committee could have refiled it in advance of the January omnibus hearing. So for the Debtor's argument to make any sense at all, the Court would have had to have intended to relieve the Debtor of the time pressure flowing from *the Committee's* potential refiling of the Application by instructing A&M (having no standing to seek the relief, and thus likely not even a "party in interest" in the bankruptcy sense) to file a "reply" in support of an initial pleading filed by another party, and to do so in violation of Rule 2014(a)'s admonition that an order approving the retention of a professional be made "only on application of the . . . committee." This makes no sense. It is far more logical for the Court to have intended its use of "they" to refer to the Committee, and not to A&M.

### B. The Motion to Strike is Another Example of Pointless and Costly Litigation Commenced at the Expense of Creditor Negotiations and Creditor Recovery

The Motion to Strike is the Debtor's *second* attack on the Committee A&M retention reply, again on purely non-substantive grounds. The Debtor had previously objected to the Committee's application to file under seal a declaration in support of the reply. *See* ECF No. 613. Ironically, the relief the Debtor objected to was sought by the Committee to protect the Debtor and the sale process. *See* ECF No. 600, p. 2-3. The Debtor has not identified any prejudice it would suffer if the declaration were filed under seal. It nevertheless took issue with the Committee's application, never

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY
– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 5 of 8

contacted the Committee's professionals to discuss its concerns with sealing the declaration, expended valuable resources on objecting, and burdened the Court with another unnecessary contested matter to resolve at the January Omnibus Hearing. Given the perfunctory nature of the issue, the Committee has chosen not to submit a reply in an effort to minimize legal expenses.

Despite committing resources to *two* separate attacks on a single reply in support of the Committee's retention of a financial advisor, the Debtor has not engaged in *any* negotiations with the Committee. As noted above, the Debtor is actively and purposefully excluding the Committee from the sale negotiations and preparation of the plan of adjustment.

The Motion to Strike is exemplary of the Debtor's scorched earth litigation strategy and utilized to the exclusion of meaningful efforts to negotiate consensual resolution of basic issues. This strategy of litigating every issue regardless of merits or importance; of purposefully increasing the cost (*in anticipation of a later challenge to those exact costs at the fee hearing stage*); of attempting to prevent the retention of a financial advisor – a critical professional for this case given the Debtor's lack of even rudimentary budgeting practices; of preventing a clear view of the Debtor's financial information; and of excluding the Committee from plan negotiations serves no valid purpose. The Debtor's ongoing efforts to marginalize the Committee should not be permitted.[3]

---

[3] As the Court has seen, the Debtor similarly has chosen not to negotiate with equipment lessors, which has led to substantial and costly litigation over adequate protection and relief from stay, appeals, and requests for stay pending appeal. *See e.g.* ECF Nos. 144-148, 203-206, 454-456, 469, 478, 484, 485, 491, 493, 609-611. In contrast, the Debtor filed only a single two-sentence response to UPS' motion asking that the Debtor consummate a prepetition arrangement to transfer valuable real

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 6 of 8

The Debtor's efforts should be committed to building creditor support for its plan, rather than wasting the Debtor's and its creditors' resources and this Court's time.

## CONCLUSION

The central factual claim underlying the Debtor's objection to the Committee's retention of A&M was that A&M purportedly wasted the Debtor's counsel's time with a failed telephone call with a prospective purchaser. [ECF No. 530 (Cullen Decl. at ¶ 9)]. This is ironic given that the Debtor's Motion to Strike is an exercise in time-wasting. The Debtor's position lacks merit and the issue being litigated is of no practical import. There is no reason to think that a reply filed by A&M would have been any different than one filed by the Committee in consultation with A&M. But the Debtor still chose to litigate the issue, wasting its own money and the Court's resources, and forcing the Committee to incur costs to respond to it. Better to focus on the merits than this sort of needless wheel-spinning.

The Court should deny the Debtor's Motion to Strike.

Dated: January 11, 2018

BUSH KORNFELD LLP

By: /s/ Katriana L. Samiljan
Katriana L. Samiljan, WSBA #28672
James L. Day, WSBA #20474
Thomas A. Buford, WSBA #52969
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206) 292-2110
Facsimile: (206) 292-2104
ksamiljan@bskd.com
jday@bskd.com
tbuford@bskd.com

---

property to it, saying only, "The District does not dispute the facts stated in the Motion. The District has no objection to the relief requested in the Motion." ECF No. 260.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY
– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 7 of 8

ARENT FOX LLP

By: /s/ George P. Angelich
Andrew I. Silfen*
George P. Angelich*
Mark A. Angelov*
Jordana P. Renert*
(*Admitted *Pro Hac Vice*)
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
andrew.silfen@arentfox.com
george.angelich@arentfox.com
mark.angelov@arentfox.com
jordana.renert@arentfox.com

*Attorneys for the Official Committee of Unsecured Creditors of Kennewick Public Hospital District*

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION TO MOTION TO STRIKE REPLY
– Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ca113q1212

17-02025-FPC9    Doc 648    Filed 01/11/18    Entered 01/11/18 15:38:19    Pg 8 of 8