Jack Cullen, WSBA #7330
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
Adrienne McKelvey, WSBA #50990
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone:　　(206) 447-4689
Facsimile:　　(206) 749-2001
Email:　　jc@foster.com
　　andrew.morton@foster.com
　　ella.vincent@foster.com
　　adrienne.mckelvey@foster.com

*Attorneys for Debtor Kennewick
Public Hospital District*

The Honorable Frederick P. Corbit
Chapter: 9
Hearing Date and Time:　　May 15, 2018 at 1:30 p.m.
Objection Deadline:　　Due at Hearing

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

Kennewick Public Hospital District,

　　　　　　　　　　Debtor.

Case No. 17-02025-9

DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS

　　Kennewick Public Hospital District, a Washington public hospital district (d/b/a Trios Health) (the "District" or the "Debtor") and the debtor in the above-captioned case (the "Chapter 9 Case") files this motion (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), approving a settlement and plan support agreement (the "Agreement") entered into by and between Philips Medical Capital LLC ("Philips"), Key Government Finance, Inc.

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9　　Doc 827　　Filed 05/07/18　　Entered 05/07/18 12:21:15　　Pg 1 of 16

("Key"), EverBank Commercial Finance, Inc. ("EverBank"), and Hitachi Capital America Corp. ("Hitachi", and together with Philips, Key, and EverBank, the "Group One Equipment Lessors") and the District (together with the Group One Equipment Lessors, the "Parties"). In support of this Motion, the District respectfully states as follows:

## I.   RELIEF REQUESTED

By this Motion, the District respectfully requests the entry of an order, substantially in the proposed form attached hereto as Exhibit A (the "Proposed Order"), (a) approving the Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 and (b) granting related relief. A copy of the signed Agreement is attached to this Motion as Exhibit B.

## II.   JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.   BACKGROUND

**A.   Lease Agreements with the Group One Equipment Lessors.**

The District's lease agreements with the Group One Equipment Lessors have been discussed in prior pleadings filed in this Chapter 9 Case. *See, e.g.*, ECF No. 165 at 2:15–3:2 (discussing Philips lease agreements); ECF No. 255 at 4:15–5:3 (discussing Key lease agreements); ECF 522 at 4:19–6:3 (discussing Hitachi lease agreements); ECF No. 523 at 4:5–5:7 (discussing EverBank lease agreements). For

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 2 of 16

the sake of brevity and avoiding duplicative briefing, the District does not restate this factual background in the Motion.

**B.	Litigation with Group One Equipment Lessors During the Chapter 9 Case.**

Since August 2017, the District has litigated extensively with the Group One Equipment Lessors regarding the Group One Equipment Lessors' requests for orders (a) compelling the District to make adequate protection payments during the pendency of the Chapter 9 Case; and (b) granting relief from the automatic stay for failure to make such adequate protection payments. *See, e.g.*, ECF No. 151 (*Philips' Motion for Order Granting Relief from the Automatic Stay if the Debtor Does Not Provide Adequate Protection*); ECF 203 (*Key's Motion for Order Setting Deadline for Debtor to Assume or Reject Equipment Leases*); ECF No. 333 (*Hitachi's Motion for Order Providing Adequate Protection Payments on Equipment Leases*); ECF No. 440 (*EverBank's Motion for Order Providing Adequate Protection Payments on Equipment Leases or for Relief from Automatic Stay*).[1]

In response to the requests for relief discussed above, this Court issued scheduling orders in favor of each of the Group One Equipment Lessors, in which

---

[1]	Philips also initiated an adversary proceeding against the District for related causes of action. *See generally Philips Med. Capital LLC v. Kennewick Pub. Hosp. Dist.*, Case No. 17-02025-FPC, Adv. No. 18-80007- FPC (Bankr. E.D. Wash.) (the "Philips Adversary Proceeding").

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 3

53041655.2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

17-02025-FPC9   Doc 827   Filed 05/07/18   Entered 05/07/18 12:21:15   Pg 3 of 16

the Court directed the District to make adequate protection payments to the respective Group One Equipment Lessor and provided a process for obtaining relief from the automatic stay if such adequate protection payments were made. *See* ECF Nos. 318–19; ECF Nos. 568–69. The District did not make any of the adequate protection payments ordered.

Philips and Key filed the necessary pleadings to obtain relief from the automatic stay and were granted such relief. *See* ECF Nos. 426–28; ECF Nos. 437–39; ECF No. 469; ECF No. 478. EverBank and Hitachi did not file the necessary pleadings to obtain relief from the automatic stay and, consequently, have not been granted such relief. However, under the terms of the Court's scheduling orders, EverBank and Hitachi may file the necessary pleadings at any time and would likely be granted relief from the automatic stay soon thereafter. *See* ECF Nos. 568–69.

The District appealed the orders granting Philips and Key relief from the automatic stay to the Ninth Circuit Bankruptcy Appellate Panel. *See* ECF Nos. 484–85. Philips and Key elected to have the appeals heard by the U.S. District Court for the Eastern District of Washington (the "District Court"). *See* ECF No. 498; ECF No. 509. The District also moved for stays of the relief from stay orders during the pendency of the appeals in both this Court and the District Court. *See* ECF No. 491; ECF No. 493; Emergency Motion for Stay of Philips Order Pending Appeal, *Kennewick Pub. Hosp. Dist. v. Philips Med. Capital, LLC*, Case No. 4:17-cv-05195-SAB (E.D. Wash. Nov. 29, 2017), ECF No. 3; Emergency Motion for

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 4 of 16

Stay of Key Order Pending Appeal, *Kennewick Pub. Hosp. Dist. v. Key Gov't Fin., Inc.*, Case No. 4:17-cv-05197-SAB (E.D. Wash. Nov. 29, 2017), ECF No. 4.

This Court granted stays of the relief from stay orders until January 11, 2018. *See* ECF No. 587; ECF No. 589. After the stays pending appeal expired, the District moved for extensions thereof; the Court denied the District's request. *See* ECF No. 659; ECF No. 682. On February 22, 2018, the District Court granted stays of the Philips and Key relief from stay orders for the pendency of the appeals. *See* ECF No. 755; ECF No. 756. The appeals have been fully briefed; the District Court has not yet announced a decision on either appeal.

**C.   Negotiations with Group One Equipment Lessors.**

The District has been negotiating with the Group One Equipment Lessors since December 2017. On or about December 8, 2017, the District's buyer, RCCH HealthCare Partners ("RCCH"), notified the District's counsel that RCCH was prepared, through and in conjunction with the District, to offer and negotiate terms for the purchase of all of the District's leased equipment from all equipment lessors in connection with a sale of substantially all of the District's assets to RCCH under a plan of adjustment. *See* ECF No. 660 ¶ 6. Since then, the District has been engaged in active negotiations with the Group One Equipment Lessors regarding their treatment under a plan of adjustment and what, if any, payments they will receive prior to the closing of the sale to RCCH. During this time, the District has also filed its Plan for the Adjustment of Debts Dated April 16, 2018 [ECF No. 794] (as amended, the "Plan").

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 5

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 5 of 16

The Agreement is the result of the Parties' negotiations. The District received a copy of the Agreement signed by all parties on May 4, 2018.

**D.    Settlement and Plan Support Agreement.**

To avoid the risk and expense of further litigation relating to the lease agreements, the Parties entered into the Agreement to settle their disputes. Agreement ¶ H. The terms the Parties agreed for resolving their disputes are summarized below.[2]

First, the Agreement provides that monthly payments of $150,000 per month (the "Interim Payments") will accrue for the benefit of the Group One Equipment Lessors effective as of March 1, 2018. Agreement § I(a). The Agreement details when such payments will be due and how they will be allocated between the Group One Equipment Lessors. *See id.* § I(a)–(b). The Interim Payments will continue until the earlier of (a) the date(s) the Group One Equipment Lessors repossess their respective equipment or (b) closing. *See id.* § I(a). So long as the District timely makes the Interim Payments and the Agreement has not terminated, the Group One Equipment Lessors will forbear from exercising any remedies against the District. *Id.* § VI.

The Agreement also provides that, upon entry of an order approving the Agreement pursuant to Bankruptcy Rule 9019, the Group One Equipment Lessors

---

[2]   This Motion summarizes the Agreement for the convenience of parties in interest. To the extent there is any inconsistency between this Motion and the Agreement, the terms of the Agreement control.

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400   FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 6 of 16

shall be deemed to hold allowed administrative priority claims (the "Administrative Claims"). *Id.* § I(c). The amount of those Administrative Claims will be the total amount of the rent and other payments reserved and unpaid under their lease agreements, *less* the amount of Interim Payments paid to the Group One Equipment Lessors, from the Petition Date through the earlier of (a) the date(s) they repossess their respective equipment or (b) closing. *See id.*

The Agreement also describes in detail how the Group One Equipment Lessors will be treated under the Plan (as amended for consistency with the Agreement), including but not limited to (a) rejection of the Group One Equipment Lessors' lease agreements and satisfaction of their rejection damages claims; (b) buyout of the Group One Equipment Lessors' equipment for $13.5 million in cash, plus any applicable Washington state sales taxes; (c) release of the Group One Equipment Lessors' ownership interests in the equipment; and (d) payment of all Administrative Claims and any other allowed administrative claims under Section 943(b)(5) of the Bankruptcy Code. *See id.* §§ IV–V. The Group One Equipment Lessors will support and waive their rights to object to the Plan so long as the Plan includes the provisions in Section V of the Agreement (which pertain to the Group One Equipment Lessors' treatment under the Plan). *Id.* § X.

Finally, the Agreement addresses the Parties' respective obligations in resolving the pending litigation. Once the Agreement is signed, the District, Philips, and Key will jointly request that proceedings in the District's appeals of this Court's relief from stay orders, currently pending before the District Court, be

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

53041655.2

17-02025-FPC9   Doc 827   Filed 05/07/18   Entered 05/07/18 12:21:15   Pg 7 of 16

stayed pending negotiation and approval of the Agreement. *Id.* § XXII. Once this Court has entered an order approving the Agreement pursuant to Bankruptcy Rule 9019, (a) the Court's Philips and Key relief from stay orders will be amended or supplemented by stipulated order to be consistent with the Agreement; (b) the District, Philips, and Key will execute and file with the District Court stipulations and orders for dismissal of the District's appeals of the relief from stay orders entered in favor of Philips and Key; and (c) Philips and the District will execute and file with the Court a stipulation and order for dismissal of the Philips Adversary Proceeding. *Id.* § III.

## IV. BASIS FOR RELIEF REQUESTED

**A. Legal Standard Governing the Relief Requested.**

The District seeks approval of the Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. While the District does not believe it is required by the Bankruptcy Code to seek approval of its agreements under Bankruptcy Rule 9019, the terms of the Agreement require the District to request approval of the Agreement pursuant to Bankruptcy Rule 9019 and the District it believes that good reason exists under the circumstances to request such approval. Thus, the District seeks such approval solely with respect to the Agreement.

Settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 8 of 16

(1939)). Bankruptcy Rule 9019, which applies to this proceeding pursuant to Bankruptcy Rule 1001, provides the procedural mechanism for approval of such settlements. It states, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

A chapter 9 debtor is entitled—but not required—to seek approval of a settlement pursuant to this mechanism. *See In re City of Stockton*, 486 B.R. 194, 200 (Bankr. E.D. Cal. 2013) (finding that city, while not obligated to seek approval pursuant to Bankruptcy Rule 9019, could choose to consent to judicial approval pursuant to that rule). While requiring a chapter 9 debtor to seek the Court's approval of a settlement would impermissibly violate the terms of section 904 of the Bankruptcy Code by interfering with the municipality's property and revenues without its consent, a municipality may consent to judicial involvement. *See* 11 U.S.C. § 904 ("Notwithstanding any power of the court, ***unless the debtor consents*** . . . the court may not . . . interfere with . . . any of the property or revenues of the debtor . . . .") (emphasis added).

The decision to approve a settlement is subject to the sound discretion of the court. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *United States v. Alaska Nat'l Bank of the N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Generally, courts review several factors in considering whether to approve a proposed settlement: "(a) [t]he probability of

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 9

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 9 of 16

success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises." *In re A & C Props.*, 784 F.2d at 1381 (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135 (8th Cir. 1984)).

The Court need not conduct an exhaustive investigation into the validity or a mini-trial on the merits of the claims sought to be settled. *In re Walsh Constr., Inc.*, 669 F.2d at 1328. In fact, the Court need not decide the questions of law and facts raised in the controversies sought to be settled, and need not determine whether the settlement presented is the best one that could possibly have been achieved. Instead, the Court's responsibility is only to "canvass the issues to see whether the settlement 'fall[s] below ***the lowest point in the range of reasonableness.***'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis added) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

Finally, section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with broad authority to issue any order necessary to carry out the provisions of the Bankruptcy Code, including the issuance of injunctions. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 10 of 16

## B. Relief Requested Should Be Granted.

The District respectfully submits that the Agreement should be approved under Bankruptcy Rule 9019 because it is in the best interests of the District and its rehabilitative efforts. The Agreement allows the District to continue using the equipment leased from the Group One Equipment Lessors during the pendency of plan confirmation and closing of the sale to RCCH, providing the District with greater certainty regarding its ability to continue offering medical services for the Tri-Cities region. The Agreement does so at a price that fairly reflects the probability of success and attendant costs, delay, and expense in continued litigation with the Group One Equipment Lessors.

Moreover, the Agreement increases the likelihood the District will be able to successfully confirm the Plan. The District has agreed it will not propose or support a plan of adjustment inconsistent with the Agreement. The Group One Equipment Lessors have agreed to support and vote in favor of a plan of adjustment that is consistent with the Agreement. The Group One Equipment Lessors' support will facilitate the District's ability to successfully confirm the Plan.

The District respectfully submits that the Agreement is fair and equitable under the circumstances.

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 11

53041655.2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 11 of 16

### 1. Probability of Success on the Merits.

In light of the extensive motions practice mentioned above and related filings, the Court is already familiar with the legal issues being settled through the proposed Agreement.

This Court has already found in favor of Philips and Key and against the District on the issue of whether Philips and Key, as equipment lessors, have interests in the leased equipment entitled to adequate protection and relief from the automatic stay for lack of such protection. *See* ECF No. 468; 477. In contrast, in its orders staying the Philips and Key relief from stay orders pending appeal, the District Court indicated the District's claims have a strong likelihood of success on the merits. *See* Order Granting Emergency Motion for Stay of Philips Order Pending Appeal at 2, *Kennewick Pub. Hosp. Dist. v. Philips Med. Capital, LLC*, Case No. 4:17-cv-05195-SAB (E.D. Wash. Feb. 22, 2018), ECF No. 20 ("The District has shown it has a strong likelihood of success on the merits of its claim."); Order Granting Emergency Motion for Stay of Key Order Pending Appeal at 2, *Kennewick Pub. Hosp. Dist. v. Key Gov't Fin., Inc.*, Case No. 4:17-cv-05197-SAB (E.D. Wash. Feb. 22, 2018), ECF No. 21 (same).

While the District is confident that it is reasonably likely to succeed on its claims that Philips and Key, as equipment lessors in a chapter 9 case, are not entitled to adequate protection payments, the issue is a complicated one of first impression and litigation is inherently costly and uncertain. The litigation and further appellate process could take years and cost hundreds of thousands of

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 12 of 16

dollars. Nor is the matter free from doubt. Under the circumstances, the District does not believe that the risks associated with litigation justify the potential rewards.

The adverse effects that protracted litigation and the accompanying uncertainty could have on the District's other rehabilitative efforts are substantial. Until final resolution of the Group One Equipment Lessors' claims, the additional significant obligations asserted by the Group One Equipment Lessors would place a cloud over the District's rehabilitative efforts that would make it more difficult for the District to reach consensus with its other creditors. A risk also exists that the District could lose its stays pending appeal if the cases are appealed to the Ninth Circuit Court of Appeals, jeopardizing the District's ability to continue operations. Worse yet, the District might lose such litigation altogether. These risks are not acceptable to the District. The Interim Payment and buyout provisions in the Agreement appropriately obviate the risk of the Group One Equipment Lessors' claims hanging over the District's rehabilitative efforts for an extended period of time.

Thus, while the District believes, particularly in light of the District Court's remarks on the District's likelihood of success on the merits, that it has strong claims in litigation, the economics of the Agreement fully reflect those strengths as well as the potential risks to the District, including the risks to the District's overall rehabilitative efforts. Thus, the probability of success prong favors approval of the settlement reached.

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 13 of 16

## 2. Difficult, if Any, in Collection.

The District does not believe that the difficulty of collection prong is an important factor under the circumstances, as the District is not seeking money damages from the Group One Equipment Lessors.

## 3. Complexity, Expense, and Inconvenience of Litigation.

The complexity, expense, inconvenience, and delay of litigation weigh in favor of settlement. The litigation presents an issue of first impression: whether an equipment lessor in a chapter 9 bankruptcy proceeding has a statutorily-created or constitutionally-recognized interest in the leased equipment that entitles that lessor to adequate protection payments. Because the litigation concerns an issue of first impression, it is likely that the non-prevailing party in each appeal before the District Court will appeal the District Court's decision.

The District respectfully submits that the likelihood of a protracted appellate process, with the attendant substantial fees and expenses, weighs heavily in favor of settlement, particularly given the size of the Group One Equipment Lessors' claims[3] and the District's desire and need to effect the Plan in the immediate future.

## 4. The Paramount Interests of Creditors.

The District would not be seeking approval of the Agreement if it did not believe it was in the best interests of the District, its creditors, and the public. The District will benefit greatly from certainty with respect to its continued use of the

---

[3] Collectively, the Group One Equipment Lessors' filed proofs of claim assert claims amount to approximately $27.2 million. *See* ECF No. 660 ¶ 5.

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 14

53041655.2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 14 of 16

equipment for during the pendency of plan confirmation and closing of the sale to RCCH. The uncertainty associated with protracted litigation involving the Group One Equipment Lessors and the possible repossession of the equipment could inhibit the District's ability to move forward with its other rehabilitative efforts. Protracted litigation would impair the District's ability to reach resolutions with its other creditors. The Agreement removes substantial uncertainty regarding the District's payment obligations to the Group One Equipment Lessors and the District's continued use of the equipment that clouds the District's rehabilitative efforts. The Agreement simultaneously provides the District with a significant impaired accepting class for purposes of the Plan. The District believes that these benefits will facilitate the District's ability to reach consensual resolution with other creditors and constituents. The Agreement is a favorable settlement, and it is time for the District and its leadership to move forward from the litigation with Group One Equipment Lessors.

In the absence of a settlement, protracted and costly litigation, including appellate litigation, would likely continue. This, of course, would have a negative impact on the District's rehabilitative efforts and would be a distraction to the District's leadership. For example, and as noted above, during the course of protracted litigation, a risk exists the District will lose its stays pending appeal if the cases are appealed to the Ninth Circuit Court of Appeals, potentially forcing the District to choose between making monthly payments greater than those required under the Agreement or facing repossession of the equipment, significantly

MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AND PLAN SUPPORT AGREEMENT
WITH GROUP ONE EQUIPMENT LESSORS - 15

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 15 of 16

harming continued operations. Further, if the District were to lose the litigation, the results would be dire. The District, therefore, submits that the Agreement is in the best interests of the District, its creditors, and the public.

## V. NOTICE

The District will serve this Motion upon the Special Service List, as defined in the Revised Case Management Procedures [ECF No. 576]. The District submits that, in light of the nature of the relief requested, no other or further notice is necessary.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth above, the District respectfully requests that the Court (a) enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit A, granting the relief requested by this Motion and (b) grant such other and further relief as the Court may deem just and proper.

DATED this 7th day of May, 2018.

FOSTER PEPPER PLLC

By: */s/ Jack Cullen*
Jack Cullen, WSBA #7330
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
Adrienne McKelvey, WSBA #50990
*Attorneys for Debtor Kennewick Public Hospital District*

MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH GROUP ONE EQUIPMENT LESSORS - 16

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

53041655.2

17-02025-FPC9    Doc 827    Filed 05/07/18    Entered 05/07/18 12:21:15    Pg 16 of 16