Katriana L. Samiljan, WSBA #28672
Thomas A. Buford, WSBA #52969
James L. Day, WSBA #20474
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206) 292-2110
Facsimile: (206) 292-2104
tbuford@bskd.com

Counsel for the Official
Committee of Unsecured Creditors

HONORABLE FREDERICK P. CORBIT
Chapter 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

KENNEWICK PUBLIC HOSPITAL DISTRICT,

    Debtor.

No. 17-02025-9

PRELIMINARY OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED PROCEDURES

The Official Committee of Unsecured Creditors (the "Committee") of Kennewick Public Hospital District (the "Debtor"), submits this preliminary objection (the "Objection") to the *Debtor's Motion for Order (1) Approving Disclosure Statement and (2) Establishing Confirmation Schedule and Related Procedures* [Docket No. 804] (the "Disclosure Statement Motion") seeking entry of an order approving the proposed

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S
MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT
AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND
RELATED – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9   Doc 840   Filed 05/08/18   Entered 05/08/18 18:13:45   Pg 1 of 16

*Disclosure Statement for the Adjustment of Debtors dated April 16, 2018* [Docket No. 793] (the "<u>Disclosure Statement</u>").[1] In further support of the Objection, the Committee respectfully states as follows:

## INTRODUCTION

1. The Committee is supportive of a sale transaction that will obtain finality of the proceeding and result in the maintenance of critical patient care for the community, the preservation of jobs, and the continuation of business dealings with the Debtor's vendors and service providers. The Debtor's proposed Plan is a welcomed, long-awaited and positive step in this proceeding. It is important and necessary for the Debtor to confirm a plan of adjustment, preferably a consensual plan. Unfortunately, and of great concern to the Committee, the current version of the Plan is structurally and mechanically unworkable, incomplete, and missing critical and necessary transaction steps and numerous required terms and provisions. Equally alarming to the Committee is that the Debtor has failed to advance a plan that satisfies *any* of the most basic chapter 9 confirmation requirements that set minimum permissible creditor recovery; the Plan fails to satisfy the best interest of creditors test[2], is not fair and

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Disclosure Statement.

[2] A plan is in the best interests of creditors only if it provides better recoveries than what the creditors could obtain in a hypothetical dismissal of the Plan. [Colliers 943[7][a] (Alan. N. Resnick & Henry J. Sommer eds., 16th ed.).

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 2 of 16

equitable[3], and, to the extent it fails to monetize all of the Debtor's assets, is not in good faith[4]. Nonetheless, the Debtor seeks to move forward with this legally flawed and incomplete Plan that facially unconfirmable.[5]

2. Analyzing the Debtor's Plan is analogous to putting together a puzzle with missing pieces and an incomplete picture. Simply put, the Committee is at a loss why the Debtor would waste the Court's time with a proposed plan that is nothing more than a work-in-progress. The current version of the Plan contains provisions that precludes judicial oversight and stakeholder input regarding numerous transactions contemplated therein. As such, moving forward with confirmation of the Debtor's Plan at this time should not be permitted.

3. Similarly, the Disclosure Statement is incomplete and appears to be nothing more than a draft. The Disclosure Statement has numerous omissions and misstatements, is far from adequate, and cannot be approved as a matter of law.

---

[3] For a plan to be found fair and equitable it must require the debtor to raise revenues, including through tax levy, "to the fullest extent possible for the benefit of its creditors." H.R. Rep. No. 94-686, 94th Cong. 2nd Sess. 32-33 (1975).

[4] In chapter 9, good faith requires that the plan constitute a "sincere attempt by the Debtor to readjust its debts by maximizing the creditors' recovery." *In re Pierce Cnty. Hous. Auth.*, 414 B.R. 702, 720 (Bankr. W.D. Wash. 2009) (denying confirmation of a plan that "prevented the [creditors] from . . . . pursuing all potential sources of recovery already in existence); *In re Barnwell County Hosp.*, 471 B.R. 849, 866 (Bankr. D.S.C. 2012) (concluding that a plan was proposed in good faith because it "maximizes the economic return to the Debtor's creditors of available funds in the most practicable way");

[5] The Committee has identified numerous confirmation issues raised by the Plan, including, the Debtor's failure to satisfy the minimum creditor recovery confirmation requirements identified above. The Committee reserves all rights to assert all objections in connection with confirmation of the Plan.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 3 of 16

## PRELIMINARY STATEMENT

4. Since the Committee's formation, the Debtor's professionals have engaged in a relentless campaign of attacks on the Committee.[6] The Debtor's professionals have chosen a path of dismissing and portraying the Committee as irrelevant (at best) and the enemy (at worst). Despite the Debtor's professionals' polarizing behavior, the Committee has attempted to work with the Debtor and engage in productive conversations, and when these attempts failed, the Committee had no alternative but to seek the intervention and guidance of this Court.

5. Now, once again, the Debtor's professionals have chosen to disregard the Committee, and the value it adds to the case, and prevent it from engaging in a productive and positive manner designed to not only put forward a confirmable plan, but a consensual plan.[7] Absent a change, the Debtor's professionals are putting this

---

[6] The Committee is concerned the Debtor is ignoring the need to pay the Committee's professionals, in yet another example of such baseless attack. It is critical that the Committee's professionals are treated the same as the Debtor's professionals and payment is provided under the Plan. At all times during this case, the Committee, with the assistance of its professionals, has attempted to fulfill the statutory duties and obligations of the Committee. "Section 943 provides that if a plan is to be confirmed, all allowed administrative expenses, including committee/subcommittee professional fees, must be satisfied on the effective date of the plan." *In re Cty. of Orange*, 179 B.R. 195, 199 (Bankr. C.D. Cal. 1995).

[7] The Committee was provided a draft of the Plan three days before the filing of the Plan. The Debtor, however, refused to share a copy of the Disclosure Statement prior to filing. The timing provided the Committee with no real or meaningful opportunity to engage the Debtor in any type of negotiation regarding the terms of the Plan that is currently on file. Still, the Committee provided the Debtor with high-level comments and requested that the Debtor participate in a conference call to discuss its comments. The Debtor declined to participate in a call or incorporate any of the Committee's requested revisions. In order to introduce balance and fairness to what currently is imbalanced and unfair, it is imperative that the Committee be given a meaningful opportunity to participate in the Plan process.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 4 of 16

case at risk, causing unnecessary delay, and wasting the Debtor's assets, not to mention precious judicial resources and time.

6. Despite the historic dynamics of this proceeding, the Committee is prepared to meet with the Debtor and its professionals and engage in good faith negotiations in order to bridge the gap, build consensus, address the flaws and incompleteness of the proposed Plan and Disclosure Statement, and move the proceeding towards finality and closing.

7. The Committee suggests sending the stakeholders to mediation so that there is supervision ensuring the parties act in good faith and truly find common ground and build a consensual plan.

**A. The Proposed Plan is an Incomplete Work in Progress and Proceeding with Confirmation at this Time is Premature and Could Derail the Proceeding**

8. The Plan, in its current form, is not ready for solicitation and confirmation. Omitted, among other things, are key terms of the core RCCH sale transaction and the identity of assets available for distribution to creditors. It is apparent that no deal has yet been reached on those terms. Until those agreement terms have been finalized, moving forward with the confirmation process would be a waste of already limited assets and could derail the entire proceeding.

9. The Plan fails to include material terms of the RCCH Transaction, including, among other things, which assets are being purchased, the purchase price,

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 5 of 16

consideration being paid, liabilities to be assumed, or continuing monetary obligations of the Debtor.[8] These critical terms will first be disclosed to creditors ten (10) days prior to the deadline to vote on the Plan when the Debtor files the Plan Supplement[9] which will include copies of the RCCH Transaction Agreement, the Management Agreement, and the Community Care Agreement. *See* Plan §§ 1.2.99, 1.2.100, 11.2. As drafted, the Plan provides that the terms of the undisclosed RCCH Transaction Agreement will control in the event of a conflict between the Plan and the RCCH Transaction Agreement, which the Debtor does not intend to execute in final form until *after* Plan confirmation. *See* Plan § 1.1; 1.2.100. Therefore, the final terms of the RCCH Transaction will not be disclosed at all. Such omissions make clear that the minimum information required to prepare a confirmable plan is not yet even available to the Debtor.

10. Further, the treatment of the majority of the Debtor's unsecured creditors remains unknown. While holders of Allowed General Unsecured Claims are entitled "to their Pro Rata share of Distributions from the assets of the Creditor Trust" after careful analysis of the convoluted and cumbersome Plan provisions, the Committee

---

[8] The Debtor refused to share with the Committee any specific information or documents relating to the terms of the RCCH Transaction and other Plan Supplement documents. This is likely because these documents or the deal underpinnings do not yet exist.

[9] The Debtor does not contemplate accompanying this eleventh-hour filing of complex legal documents by additional disclosure.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 6 of 16

determined that the recovery available to holders of General Unsecured Claims is undefined (at best) and illusory, as the assets being transferred to the Creditor Trust are not certain and remain subject to the Debtor's sole discretion, even post-confirmation. *See* Plan §§ 4.9, 5.5.

11. Section 5.5 of the Plan provides that "[a]fter making the Effective Date Deposit and within ten (10) Business Days after the Effective Date, or as soon as reasonably practicable thereafter, the Reorganized Debtor shall transfer its (a) Retained Claims and Defenses and (b) remaining Retained Assets, including any rights and interests *exclusive of* any legal title[10], which legal title shall remain vested in the Reorganized Debtor, in any of the Ayers Property, to the Creditor Trust."

12. The "Retained Assets" are not yet identified but will include "all assets of the Debtor which the Debtor has not agreed to transfer to RCCH at the closing of the RCCH Transaction" *See* Plan § 1.2.104. These undefined "Retained Assets" will first be used to make the Effective Date Deposit to the Plan Fund to fund Allowed Administrative Claims (including Assumption Obligations) under the Plan. There is no

---

[10] The apparent transfer of only "equitable title" of the Ayers Property makes the transfer illusory and unable to be liquidated to fund distributions to General Unsecured Creditors. Such treatment supports the Committee's previous concerns that the Debtor is not aggressively prosecuting the claims and causes of action against the University of Puget Sound.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378
17-02025-FPC9   Doc 840   Filed 05/08/18   Entered 05/08/18 18:13:45   Pg 7 of 16

mechanism in the Plan to transfer any excess funds in the Plan Fund to the Creditor Trust. *See* Plan §§ 5.4, 5.5. Apparently, only if there are Retained Assets remaining that are not transferred to the Plan Fund, will there be any Retained Assets available to be transferred to the Creditor Trust. *Id*.

13. Alleged recoveries to the General Unsecured Creditors will also be funded from proceeds of the Retained Claims and Defenses. Neither the Plan nor the Disclosure Statement identifies the potential Retained Claims and Defenses or the approximate value. Such disclosure is required by the Bankruptcy Code. Further, like the Retained Assets, the Retained Claims and Defenses will not be transferred to the Creditor Trust until ten (10) Business Days after the Effective Date. *See* Plan § 5.5. During that interim period, Section 5.6 of the Plan permits the Reorganized Debtor to "compromise or dispose of the Retained Claims and Defenses without further notice to Creditors or authorization of the Bankruptcy Court" and wait three (3) months after Closing to file "a schedule of potential targets for Avoidance Actions." *See* Plan § 5.6. Again, there is no mechanism for the Reorganized Debtor to transfer the proceeds of the Retained Claims and Defenses to the Creditor Trust.

14. Moving forward with the confirmation process with a Plan that is built on an incomplete and fractured foundation – and the apparently yet-to-be-fully-negotiated RCCH Transaction – will severely prejudice all parties-in-interest in this case. The

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 8 of 16

Debtor should not be allowed to solicit votes on a plan that asks unsecured creditors to decide whether to accept or reject the Debtor's Plan without any ability to understand the of structure and mechanics of the RCCH Transaction or certainty as to the available assets or potential recoveries for unsecured creditors.

15. In the interest of ensuring a fair and comprehensive confirmation process, avoiding a waste of assets, and in furtherance of judicial economy, it simply does not make sense for the Debtor and other parties-in-interest to forge ahead with confirmation of the Plan built upon a transaction and settlements that are not yet negotiated to basic material terms.

**B. The Disclosure Statement is Incomplete and Missing Necessary and Critical Information**

16. The Debtor has failed to provide creditors with "adequate information" to assess the proposed Plan, as required by section 1125(b) of the Bankruptcy Code (made applicable in chapter 9 by section 901(a)). 11 U.S.C. § 1125(b) (providing that a plan may not be solicited without a "written disclosure statement approved, after notice and a hearing, by the court as containing adequate information"); 11 U.S.C. § 901(a). As defined in the Bankruptcy Code, "adequate information" means:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 9 of 16

successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Although courts are left to determine "what constitutes adequate information . . . on a case-by-case basis under the facts and circumstances presented," *see In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988), this determination must be guided by the purpose for disclosure, which is to provide creditors with "the opportunity to arrive at an independent and informed judgment [about the plan]." *In re Malek*, 35 B.R. 443, 444 (Bankr. E.D. Mich. 1983). Generally, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Keisler*, No. 08-34321, 2009 WL 1851413 at *4 (Bankr. E.D. Tenn. June 29, 2009) (citing *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).

17. The Debtor's proposed Disclosure Statement does not comply with these standards. The Disclosure Statement suffers from numerous deficiencies, which can be lumped into two categories (i) misleading statements and (ii) areas where there is inadequate disclosure which are enumerated in the lists attached hereto as Exhibit A and Exhibit B. Accordingly, the Court should deny the Disclosure Statement Motion

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 10

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 10 of 16

or, in the alternative, require the Debtor to address the information inadequacies discussed herein.

18.     The Committee requests that the hearing with respect to the Disclosure Statement be adjourned until, at a minimum: (a) the Plan and Disclosure Statement are revised and include all of the material Plan terms currently omitted, including the treatment for holders of General Unsecured Claims, and (b) the essential Plan Supplement Documents or key terms are summarized.

**C.    The Proposed Confirmation Timeline Should Consider the Committee's Need for Limited Discovery**

19.     If the Court nonetheless approves the Disclosure Statement and authorizes the Plan solicitation process at the hearing on May 15, 2018, the Committee will renew its request to work with the Debtor to build consensus and address the Plan infirmities. The Committee, however, asks the proposed confirmation schedule be modified to allow limited discovery and incorporate a discovery schedule as described herein.

20.     The Debtor seeks a confirmation hearing 35 days after the hearing on the Disclosure Statement. This expedited confirmation schedule presumes an uncontested confirmation process. That presumption is wrong unless the Debtor fixes the fatal infirmities in the Plan and reaches resolution with the Committee. Other than an objection deadline and a deadline to file a brief in opposition to confirmation, the

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S
MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT
AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND
RELATED – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378
17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 11 of 16

Disclosure Statement Motion does not incorporate any specific dates governing discovery, expert testimony, and other briefing.

21. The Debtor bears the burden of establishing that the confirmation requirements have been met, including the Plan being in the best interest of creditor, fair and equitable, and proposed in good faith. Discovery relating to the fulfilment of those requirements includes the valuation of the District's assets (Retained Assets as well as those being transferred under the Plan), the Debtor's ability to levy *ad valorem* taxes, and its compliance with the provisions of the Bankruptcy Code, chapter 9, and Washington State law. The Committee is also entitled to take discovery in connection with any expert testimony to be offered by the Debtor, including such testimony relating to asset valuations and plan feasibility.

22. In order to ensure that plan confirmation provides the creditors with fundamental due process, limited documentary discovery and depositions may be necessary prior to the confirmation hearing. The Committee proposes the following schedule:

| Discovery Schedule | |
|---|---|
| **Event** | **Deadline** |
| Service of Reasonable, Targeted Document Requests (No interrogatories or requests for admission) | May 17th at noon PT (Prevailing Pacific Time) |

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 12

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378
17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 12 of 16

| Discovery Schedule | |
|---|---|
| **Event** | **Deadline** |
| Deadline for Production of Initial Document Discovery (without prejudice to reasonable supplementation of document productions) | June 1, 2018 at 11:59 p.m. (Prevailing Pacific Time) |
| Service of Reasonable, Targeted Supplemental Document Requests - Related to Plan Supplement and Appraisals (if any) | June 4, 2018 at noon (Prevailing Pacific Time) |
| Deadline for Service of Expert Reports | June 11, 2018 at 11:59 p.m. (Prevailing Pacific Time) |
| Deadline for Production of Substantially All Supplemental Document Discovery (without prejudice to reasonable supplementation of document productions) | June 11, 2018 at 11:59 p.m. (Prevailing Pacific Time) |
| Fact and Expert Deposition Discovery Window (depositions to be scheduled upon reasonable notice) | June 13, 2018 through June 19, 2018 |
| Pre-Confirmation Hearing Status Conference | June 20, 2018 at 1:30 pm (Prevailing Pacific Time) |
| Exchange of Exhibit Lists, Witness Lists, and Deposition Designations | July 6, 2018 at 11:59 p.m. (Prevailing Pacific Time) |
| Objections to Exhibit Lists, Witness Lists, and Deposition Designations; and any supplements to same | July 13, 2018 at 11:59 p.m. (Prevailing Pacific Time) |
| Pretrial Memorandum | July 13, 2018 at 4:00 p.m. (Prevailing Pacific Time) |
| Deadline for Replies to Objections | July 16, 2018 at 4:00 p.m. (Prevailing Pacific Time) |
| Confirmation Hearing | July 19, 2018 |

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 13 of 16

Accordingly, the Committee requests that the confirmation schedule be extended by approximately one (1) month and the proposed discovery schedule be incorporated into any order approving the Disclosure Statement Motion.[11]

23. Given the uncertainties of the distributions to holders of General Unsecured Claims, the incompleteness of the Plan and the numerous secret and undisclosed transactions, the Committee cannot support the Plan at this time.[12] By a separate motion, the Committee requests that it be permitted to include in the Debtor's solicitation materials, a written communication from the Committee to creditors urging unsecured creditors to vote to reject the Plan. The Committee believes that written communication to unsecured creditors is the fairest and most efficient and transparent way to present the Committee's views with respect to the Plan. For the same reasons, the Committee requests that the Debtor include a statement at the beginning of the Disclosure Statement informing creditors that the Committee does not support the Plan, including the Plan's treatment of unsecured creditors, and urging all unsecured creditors to vote to reject the Plan.

---

[11] The Committee believes a formal schedule is necessary in light of the Debtor's refusal to provide information to the Committee. Indeed, certain of the document requests from the Committee's two prior formal discovery requests pursuant to Rule 2004 of the Bankruptcy Procedure remain outstanding.

[12] The Committee has observed throughout the case, the Debtor's inability to lock-in deal-terms with various parties and such concern continues.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 14 of 16

# CONCLUSION

For the reasons discussed herein, the Plan is structurally and mechanically unworkable. Moving forward with confirmation of the Plan is premature. Similarly, the Disclosure Statement cannot be approved as a matter of law. The Committee therefore respectfully requests that the Court exercise its discretion and adjourn the hearing on the adequacy of the Disclosure Statement until June 20, 2018[13] and approve the following proposed schedule designed to build consensus and a confirmable plan:

- Debtor file a revised Plan and Disclosure Statement incorporating the discussions and information requested in this Objection on or before May 18, 2018;

- Committee provide written comments to the revised Plan and Disclosure Statement on or before May 22, 2018;

- The Committee, Debtor and other key parties in interest engage in good faith, in-person negotiations prior to June 1, 2018 (the "In-Person Negotiation");

- In the event the In-Person Negotiation is unsuccessful, the Committee, Debtor and other key parties in interest participate in plan mediation prior to June 15, 2018.

If the Court is nonetheless approves the Disclosure Statement Motion then the Committee requests the Court enter an order incorporating the discovery and briefing schedule outlined by the Committee in Section C herein.

---

[13] If the parties reach resolution of the issues earlier, the hearing on the Disclosure Statement can be accelerated with the Committee's consent.

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378

17-02025-FPC9    Doc 840    Filed 05/08/18    Entered 05/08/18 18:13:45    Pg 15 of 16

Co-Counsel for the Official Committee of Unsecured Creditors of Kennewick Public Hospital District

Dated: Seattle, Washington
May 8, 2018

BUSH KORNFELD LLP

By /s/ Katriana L. Samiljan
    Katriana L. Samiljan, WSBA #28672
    Thomas A. Buford, WSBA #52969
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206) 292-2110
Facsimile: (206) 292-2104
tbuford@bskd.com

Dated: New York, New York
May 8, 2018

**ARENT FOX LLP**

By: */s/ George P. Angelich*
    Andrew I. Silfen\*
    George P. Angelich\*
    Mark A. Angelov\*
    Jordana P. Renert\*
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
\*Admitted *Pro Hac Vice*

PRELIMINARY OBJECTION OF THE COMMITTEE TO THE DEBTOR'S MOTION FOR ORDER (1) APPROVIDNG DISCLOSURE STATEMENT AND (2) ESTABLISHING CONFIRMATION SCHEDULE AND RELATED – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2296 20171 ce085v1378
17-02025-FPC9   Doc 840   Filed 05/08/18   Entered 05/08/18 18:13:45   Pg 16 of 16