# **EXHIBIT A**

AFDOCS/16335256.8

The Official Committee of Unsecured Creditors (the "Committee") of Kennewick Public Hospital District (the "Debtor") hereby requests that the Debtor modify the *Disclosure Statement for the Adjustment of Debtors dated April 16, 2018* [Docket No. 793] (as the same may be amended, the "Disclosure Statement") to include more information in the following categories or topics:

**Implementation of the Plan**:

- Inadequate information: The Disclosure Statement fails to adequately describe the implementation of the Plan which is critical for creditors to understand whether the Plan structure and mechanics are workable. *See* Disclosure Statement § 8.1.

- Suggested correction: Section 8.1 of the Disclosure Statement must be supplemented to, at a minimum, include the following information.

  ❖ Summarize the general structure and framework of the Plan transactions.

  ❖ Summarize the terms of the key agreements including, the RCCH Transaction Agreement, the Management Agreement and the Community Care Agreement.

  ❖ Summarize the key terms of the proposed amendments to the Union Contracts.

**Unclassified Claims**:

- Inadequate information: The Disclosure Statement fails to provide an estimate of or breakdown of Administrative Claims (or claims treated as such) and the impact of such claims on plan distributions.

- Suggested correction: Article V of the Disclosure Statement must be supplemented to, at a minimum, include the following information.

  ❖ Provide an estimate of Administrative Claims (or claims treated as such).

  ❖ Clarify in Section 5.3 whether the Retained Assets (also earmarked for funding the Creditor Trust) will be used to pay the Assumption Obligations. *See* Disclosure Statement §§ 8.1, 9.6, 11.2.

  ❖ Provide the amount paid and due and owing to the Debtor's professionals, the Patient Care Ombudsman, and Committee's professionals.

  ❖ Explain how the Committee's professional fees and expenses will be satisfied and how the Debtor will comply with paying the Committee's professionals as required pursuant to section 943(b)(5) of the Bankruptcy Code.

**Distribution to Holders of General Unsecured Claims**:

- <u>Inadequate information</u>: The Disclosure Statement provides no information regarding expected recovery to unsecured creditors. There is no discussion as to when and how distributions will be made to unsecured creditors. As the Plan and Disclosure Statement are drafted, it appears that the assets earmarked for funding distributions to holders of General Unsecured Claims are illusory.

- <u>Suggested correction</u>: The Disclosure Statement must be supplemented to, at a minimum, include the following information.

  ❖ Describe the general structure, framework and mechanics of the Creditor Trust, including the manner or procedure by which the Trustee will be selected and whether there will be any creditor oversight in Section 8.5 of the Disclosure Statement.

  ❖ Explain with specificity the source and amount of funding of fees and expenses for the Creditor Trust in Section 8.5 of the Disclosure Statement.

  ❖ Explain the projected cost of such fees and expenses in Section 8.5 of the Disclosure Statement.

  ❖ Describe the assets (i.e., the Retained Assets or Retained Claims and Defenses) the Debtor expects to be transferred to the Creditor Trust and their estimated value and which Retained Assets will be used to fund Administrative Claims in Section 8.5 of the Disclosure Statement.

  ❖ Explain that the assets transferred to the Creditor Trust are not certain and remain subject to the Debtor's sole discretion even post-Effective Date in Section 8.5 of the Disclosure Statement and the justification or reason for such treatment.

  ❖ Explain why only equitable title of the Ayers Property is being transferred to the Creditor Trust and the impact of and rationale for the Debtor retaining legal title in Section 8.5 of the Disclosure Statement.

  ❖ Include an estimated range of recovery for holders of General Unsecured Claims in Section 2.4 of the Disclosure Statement.

  ❖ Include a statement in the Sections 2.4 and 8.5 of the Disclosure Statement summarizing the Committee's position: "As proposed, the Plan does not require any payments to Holders of General Unsecured Claims. The Committee believes that there is no certainty of any recoveries to Holders of General Unsecured Claims under the current structure."

<u>AFDOCS/16335256.8</u>

**Release and Exculpation**:

- <u>Inadequate information</u>: The Disclosure Statement provides inadequate information regarding the scope of the releases and exculpation provision.

- <u>Suggested correction</u>: The Disclosure Statement must be supplemented to, at a minimum, include the following information.

    ❖ Describe the Debtor and third-party claims being released under the Plan, including the identification of the claims and the value of such claims.

    ❖ Describe the Debtor's investigations or lack thereof in connection with all claims being released.

    ❖ Describe the value received by the Debtor and its creditors for the releases.

    ❖ Explain the need or basis supporting the releases provided under the Plan and what the Debtor is giving up.

    ❖ Describe the exculpation provided under the Plan and the necessary support for the exculpation with respect to non-fiduciaries.

    ❖ Explain why the Committee and its counsel are not being exculpated under the Plan and basis for discriminatory and disparate treatment of Debtor and Committee professionals.

**Chapter 9 Confirmation Requirements**: The chapter 9 confirmation requirements are not adequately or accurately described.

> **Feasibility**:
>
> ❖ <u>Inadequate information</u>: The Disclosure Statement provides little information regarding the feasibility of the plan.
>
> ❖ <u>Suggested correction</u>: Section 11.2 of the Disclosure Statement must be supplemented to, at a minimum, include the following information.
>
>    ▪ Describe the nature of the Debtor's post-Effective Date operations (given that all operating assets are being sold) and an estimate of the costs of maintaining such operations.
>
>    ▪ Include estimates of the Debtor's monetary obligations under the Plan, including the payment of claims under the Plan and continuing post-Effective Date obligations, including under the documents relating to the RCCH Sale.
>
>    ▪ Provide projections of revenues available to fund the obligations under the Plan.

4

<u>AFDOCS/16335256.8</u>

- Provide a waterfall analysis of the anticipated tax revenues and how they will be allocated.

**Best Interest Test**:

❖ <u>Misleading information</u>: The Disclosure Statement fails to accurately describe how the best interest of creditor test is satisfied and is misleading because it incorrectly states the best interest of creditor test in chapter 9 by stating that the "debtor must show that confirmation of the plan is preferable to *other **reasonable** alternatives* to the plan." *See* Disclosure Statement §11.3, 76: 14-15. There is no reasonableness limitation.

❖ <u>Suggested correction</u>: Include a statement in the Section 11.3 of the Disclosure Statement summarizing the Committee's position that (a) the Debtor has failed to properly describe legal standards of the best interest test, and (b) the best interest test has not been satisfied because dissolution of the District (following a hypothetical dismissal) would (i) require payment to creditors in full from the assets of the Debtor and the remaining deficit from an *ad valorem* tax levy, and (ii) under a dissolution scenario the postpetition operating expenses are not entitled to administrative expenses and are not entitled to priority in right of payment as asserted by the Debtor.

**Fair and Equitable**:

❖ <u>Misleading information</u>: The Disclosure Statement misstates the "fair and equitable" test and the Debtor's satisfaction of the same by limiting the requirements of the fair and equitable test to satisfaction of the absolute priority rules. *See* Disclosure Statement § 11.1, 73: 2-17.

❖ <u>Suggested correction</u>: Include a statement summarizing the Committee's position that the fair and equitable test is not satisfied under the proposed Plan because the Debtor can and should provide recoveries for holders of General Unsecured Claims from the *ad valorem* tax levy.

**Good Faith**:

❖ <u>Misleading information</u>: The Disclosure Statement contains a conclusory statement that the Debtor satisfies the good faith requirement pursuant to section 1129(a)(3) of the Bankruptcy Code and fails to include the standard for satisfaction or basis for such conclusion here.

❖ <u>Suggested correction</u>: The Disclosure Statement must be revised to incorporate the test.

- Include a statement summarizing the Committee's position that the Plan does not satisfy the good faith requirement pursuant to section 1129(a)(3) of the Bankruptcy Code because it fails to maximize recoveries to general unsecured creditors.

AFDOCS/16335256.8