THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
KENNEWICK PUBLIC HOSPITAL DISTRICT
c/o Arent Fox LLP
1675 Broadway
New York, New York 10019

May __, 2018

**TO THE UNSECURED CREDITORS OF
KENNEWICK PUBLIC HOSPITAL DISTRICT**

RE: *In re: Kennewick Public Hospital District*
Chapter 9 Case No. 17-02025-9
United State Bankruptcy Court, Eastern District of Washington

The Official Committee of Unsecured Creditors (the "Committee") of Kennewick Public Hospital District (the "Debtor" or "District"), as a statutory fiduciary representing the interests of unsecured creditors in the Debtor's chapter 9 case, writes this letter to unsecured creditors in connection with the solicitation of your vote as a Holder of a General Unsecured Claim entitled to vote on the Debtor's *Amended Plan for the Adjustment of Debts Dated April 16, 2018* [Docket No. 845] (as amended, the "Plan").

Based on the currently-known facts and circumstances and the information provided thus far by the Debtor, its professionals and others, the Committee does not support the Plan, including the Plan's treatment of unsecured creditors of the Debtor, **and urges all unsecured creditors to vote to reject the Plan.**

The transactions embodied in the proposed Plan would likely facilitate the continued operation of the hospital and the provision of medical services for the residents of the District, a goal that the Committee supports and views as an important feature of any plan of adjustment in this case.

In addition to this laudable aspect of the Plan, however, there are several issues that creditors should consider when determining to accept or reject. As proposed, the Plan does not require any payments to Holders of General Unsecured Claims. The Committee believes that there is no certainty of any recoveries to Holders of General Unsecured Claims under the current structure.

## Background

On June 30, 2017, the Debtor filed its petition for relief under chapter 9 of the United States Bankruptcy Code.

On September 1, 2017, the Office of the United States Trustee appointed the Committee consisting of the following members: (a) NuVasive, Inc.; (b) Owens & Minor; (c) Kraft Partners, LLC; (d) McKesson Technologies, Inc. (n/k/a Allscripts Healthcare, LLC, as successor in interest through acquisition); (e) Change Healthcare, LLC; and (f) SEIU Healthcare 1199NW. The Committee retained Arent Fox LLP and Bush Kornfeld LLP as its co-counsel, and Alvarez & Marsal as its financial advisor.

The members of the Committee have devoted substantial time and attention in carrying out their statutory duties to all unsecured creditors in this case.

### **The Plan**

On May 11, 2018, the Debtor filed the Plan and *Amended Disclosure Statement for the Adjustment of Debtors Dated April 16, 2018* [Docket No. 866] (the "Disclosure Statement"). On [●], 2018, the Court entered an order approving the Debtor's Disclosure Statement, which established deadlines for filing objections to confirmation of the Plan and procedures for the solicitation and tabulation of votes to accept or reject the Plan [Docket No. [●]] (as amended, the "Disclosure Statement Order").

The Committee believes that the solicitation of the Plan and Disclosure Statement is premature and contrary to the best interest of the Debtor's unsecured creditors. The Committee believes the Debtor has failed to advance a plan that satisfies *any* of the most basic chapter 9 confirmation requirements that set minimum permissible creditor recovery; the Plan fails to satisfy the best interest of creditors test[1], is not fair and equitable[2], and, to the extent it fails to monetize all of the Debtor's assets, is not in good faith[3].

Under the proposed Plan, unsecured creditors are classified under Class 7 of the Plan and the treatment of holders of Class 7 General Unsecured Claims is set forth on page 41 of the Plan. Holders of General Unsecured Claims will receive distributions in the amount equal to their "Pro Rata share of Distributions from the assets of the Creditor Trust[4]." *See* Plan § 4.7.

The Committee believes the provisions related to the treatment of Class 7 General Unsecured Creditors is uncertain as the distributions are too speculative and lack creditor or judicial oversight. For example, the Plan fails to provide for the funding and administration of the

---

[1] A plan is in the best interests of creditors only if it provides better recoveries than what the creditors could obtain in a hypothetical dismissal of the Plan. [Colliers 943[7][a] (Alan. N. Resnick & Henry J. Sommer eds., 16th ed.).

[2] For a plan to be found fair and equitable it must require the debtor to raise revenues, including through tax levy, "to the fullest extent possible for the benefit of its creditors." H.R. Rep. No. 94-686, 94th Cong. 2nd Sess. 32-33 (1975).

[3] In chapter 9, good faith requires that the plan constitute a "sincere attempt by the Debtor to readjust its debts by maximizing the creditors' recovery." *In re Pierce Cnty. Hous. Auth.*, 414 B.R. 702, 720 (Bankr. W.D. Wash. 2009) (denying confirmation of a plan that "prevented the [creditors] from . . . . pursuing all potential sources of recovery already in existence); *In re Barnwell County Hosp.*, 471 B.R. 849, 866 (Bankr. D.S.C. 2012) (concluding that a plan was proposed in good faith because it "maximizes the economic return to the Debtor's creditors of available funds in the most practicable way").

[4] Section 5.5 of the Plan provides that "within ten (10) Business Days after the Effective Date, or as soon as reasonably practicable thereafter, the Reorganized Debtor shall transfer its (a) Retained Claims and Defenses and (b) Retained Assets, including any rights and interests exclusive of any legal title, which legal title shall remain vested in the Reorganized Debtor, in any of the Ayers Property, to the Creditor Trust."

17-02025-FPC9    Doc 852    Filed 05/14/18    Entered 05/14/18 17:32:33    Pg 2 of 3

Creditor Trust and the liquidation of the assets, and the assets being transferred to the Creditor Trust are contingent on the Debtor's litigation success. The Debtor estimates that potential recoveries range between $0.00 and $.015, with the most likely outcome being a recovery of approximately $0.05, per dollar of Allowed General Unsecured Claims. *See* Disclosure Statement § 2.4.

The Disclosure Statement states that the Debtor's claims against UPS and rights in the Ayers Property, which remain disputed subject to resolution of the UPS Adversary Proceeding, comprise the only material assets that will be transferred to the Creditor Trust and used to satisfy Allowed General Unsecured Claims. As a result, recoveries to holders of Allowed Claims in Class 7 depend entirely on the ultimate resolution of the UPS Adversary Proceeding.[5] *See* Disclosure Statement § 2.4.

**For these reasons, although the Committee is hopeful that the parties will formulate a mutually acceptable Plan, the Committee cannot recommend approval of the Plan in its current form.**

Accordingly, the Committee recommends that **ALL UNSECURED CREDITORS VOTE AGAINST** the Plan by indicating your rejection of the Plan on the ballot contained in the solicitation package accompanying this letter. Your ballot must be received by the ballot agent, Garden City Group, LLC, by the Voting Deadline, which is [●] at [●] and is indicated on your ballot.

The Committee recommends that, prior to voting on the Plan, each unsecured creditor carefully review the materials provided to them, including the Disclosure Statement, and especially, this letter and continue to monitor the docket of the chapter 9 case at the following website: http://cases.gardencitygroup.com/kphd/index.php.

The Committee hopes that the information in this letter is helpful to unsecured creditors in understanding the deficiencies with the Plan that the Committee has identified to date. Please note that, although the Committee, by this letter, expresses certain views and positions regarding the Plan, this letter does not necessarily reflect the views of any of the individual members of the Committee, each of which reserves any and all of its rights.

If you should have any questions with respect to the Plan, the proposed treatment of your claims or the information contained in this letter, please contact counsel to the Committee, Arent Fox LLP, by emailing jordana.renert@arentfox.com or calling (212) 457-5476 or Bush Kornfeld LLP, by emailing ksamiljan@bskd.com or calling (206) 521-3857.

          Very truly yours,

          _____
          The Official Committee of Unsecured Creditors
          Of the Kennewick Hospital District

---

[5] Resolution of the UPS Adversary Proceeding is in the sole discretion of the Debtor. If the Debtor is not successful in the litigation there will be no assets available for recovery to holders of General Unsecured Creditors.