James L. Day, WSBA #20474
Thomas A. Buford, WSBA #52969
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Telephone: (206) 292-2110
Facsimile: (206) 292-2104
jday@bskd.com
tbuford@bskd.com

*Attorneys for the Kennewick Liquidation Trust*

HONORABLE FREDERICK P. CORBIT
Chapter 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | No. 17-02025-9 |
|---|---|
| KENNEWICK PUBLIC HOSPITAL DISTRICT,<br><br>　　　　　　Debtor. | REPLY OF KENNEWICK LIQUIDATION TRUST TO REORGANIZED DEBTOR'S OBJECTION TO TRUST'S MOTION TO COMPEL |

Kennewick Liquidation Trust (the "**Trust**") replies to the Reorganized Debtor's Objection to Trust's Motion to Compel (Doc 1246) (the "**Objection**"). This Reply is based upon the files and records herein, and the accompanying Declaration of James L. Day in Support of Reply of Kennewick Liquidation Trust to Debtor's Objection to Trust's Motion to Compel ("**Day Decl.**").

**BACKGROUND FACTS**

On June 8, 2018, the Official Committee of Unsecured Creditors ("**Committee**") filed its objections to confirmation of the proposed plan of adjustment of Kennewick Public Hospital District (the "**Debtor**"). *See* Docs 923, 924; *Day Decl.* at ¶ 2. At the

REPLY OF KENNEWICK LIQUIDATING TRUST TO
REORGANIZED DEBTOR'S OBJECTION TO TRUST'S
MOTION TO COMPEL – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2339 20181 dd16cy09km

17-02025-FPC9    Doc 1253    Filed 04/17/19    Entered 04/17/19 14:07:06    Pg 1 of 5

Debtor's behest, on June 14, 2018, the Committee and the Debtor engaged in an all-day mediation with Judge Steven Rhodes in an effort to resolve the Committee's objections to the Debtor's proposed plan. *Id.* at ¶ 3. During the meditation, the Debtor made an offer by which (among other things) it proposed to transfer various real properties to a post-confirmation creditors trust free and clear of liens, claims and encumbrances, which properties would thereafter be liquidated to increase distributions to creditors. *Id.* at ¶ 4. It was critical to the Committee that each of the properties be conveyed without any encumbrances that would dilute the value that could be achieved for unsecured creditors. *Id.* at ¶ 5.

Later in the mediation, after the Debtor made its proposal, the Debtor disclosed for the first time that one of the properties was in fact encumbered by a lease. The existence of the lease made the property less valuable. *Id.* at ¶ 6. Counsel for the Committee then specifically asked the Debtor to disclose any other encumbrances on any other properties that it was proposing to transfer to a creditors trust. The Debtor advised the Committee that there were no other encumbrances on any of the other properties. *Id* at ¶ 7.

The Committee relied on the Debtor's representations, and the plan's provision that the properties would be transferred free and clear, in connection with the withdrawal of the Committee's confirmation objections. *Id.* at ¶ 8.

## DISCUSSION

From the time of the filing of its initial plan on April 16, 2018, through confirmation on June 20, 2018, the Debtor consistently put potential secured creditors on notice that (i) it intended to "transfer substantially all of its assets" upon

REPLY OF KENNEWICK LIQUIDATING TRUST TO
REORGANIZED DEBTOR'S OBJECTION TO TRUST'S
MOTION TO COMPEL – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2339 20181 dd16cy09km

17-02025-FPC9    Doc 1253    Filed 04/17/19    Entered 04/17/19 14:07:06    Pg 2 of 5

confirmation, and (ii) the assets would be transferred "free and clear of all liens, Claims, and encumbrances." *See Plan for the Adjustment of Debts Dated April 16, 2018* (Doc 794) at 43, 61; *Amended Plan of the Adjustment of Debts Dated May 11, 2018* (Doc 845) at 41, 61-2; *Second Amended Plan for the Adjustment of Debts Dated May 17, 2018* (Doc 868), at 41, 60-1; *Third Amended Plan for the Adjustment of Debts Dated June 18, 2018* (Doc 967) at 45, 49, 67; *Fourth Amended Plan for the Adjustment of Debts Dated June 19, 2018* (Doc 976) (the "**Confirmed Plan**") at 45, 49, 67; and *Order Confirming Fourth Amended Plan of Adjustment Dated June 19, 2018* (Doc 981) (the "**Confirmation Order**") at 28, 33, 35. The relevant language in the Confirmed Plan and the Confirmation Order is identical to language appearing in the initial form of the Debtor's plan that was filed two months earlier.

One of the real properties (the "**Hood Property**") that the Debtor conveyed to the Trust in connection with the Confirmed Plan was, as of confirmation, encumbered by a deed of trust under which Kennewick Irrigation District ("**KID**") was the beneficiary.[1] KID filed a proof of claim (as an unsecured creditor) on December 28, 2017 (Claim 2019-1) and filed an amended claim (in the same unsecured dollar amount) on January 3, 2018 (Claim 209-2). The Debtor filed its initial plan of adjustment three and a half months later, on April 16, 2018, and thereafter filed four amended plans over the course of the ensuing two months. The operative language in each iteration of the plan never changed. Under the circumstances, KID had substantial notice of the Debtor's proposed conveyance of the Hood Property, and was obligated to

---

[1] Counsel for the Trust first learned of KID's asserted lien some weeks after this Court entered the Confirmation Order. *Day Decl.* at ¶ 9.

REPLY OF KENNEWICK LIQUIDATING TRUST TO REORGANIZED DEBTOR'S OBJECTION TO TRUST'S MOTION TO COMPEL – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2339 20181 dd16cy09km

17-02025-FPC9    Doc 1253    Filed 04/17/19    Entered 04/17/19 14:07:06    Pg 3 of 5

object to the proposed conveyance at some point during the two-month period prior to confirmation, if it opposed that conveyance. KID failed to do so, and therefore the free and clear conveyance should be enforceable against it.

The Hood Property is one of several properties that the Debtor transferred to the Trust as a part of the comprehensive settlement between the Committee and the Debtor in order to resolve the Committee's objections to confirmation of the Debtor's proposed plan. The Committee specifically bargained for and relied on the "free and clear" conveyance language in connection with the settlement and the subsequent withdrawal of its objections.[2]

If the language in the Confirmed Plan and Confirmation Order is enforceable and effective as to the Hood Property, this Court need only enter an order declaring it to be so, to permit the Trust to convey insurable title to a subsequent buyer for the benefit of unsecured creditors. If that language is not enforceable against KID and its deed of trust still encumbers the Hood Property, the Debtor must take whatever steps are necessary to comply with its obligations under the Confirmed Plan and the Confirmation Order, and clear the encumbrance.

---

[2] The only (unrelated) exceptions to the comprehensive "free and clear" conveyance were (i) the "Ayers Property," which is the subject of a pending adversary with the University of Puget Sound, and (ii) the "Luth Property," which is encumbered by an unexpired lease. *See e.g. Confirmation Order* at 33, 35.

REPLY OF KENNEWICK LIQUIDATING TRUST TO
REORGANIZED DEBTOR'S OBJECTION TO TRUST'S
MOTION TO COMPEL – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2339 20181 dd16cy09km

17-02025-FPC9    Doc 1253    Filed 04/17/19    Entered 04/17/19 14:07:06    Pg 4 of 5

The Trust takes no position on this dispute, as it is substantively between the Debtor and KID. The Trust only seeks to assure that unsecured creditors receive the benefit of their bargain under the Confirmed Plan.

DATED this 17th day of April, 2019.

BUSH KORNFELD LLP

By /s/ *James L. Day*
James L. Day, WSBA #20474
Thomas A. Buford, WSBA #52969
Attorneys for Kennewick Liquidation Trust

REPLY OF KENNEWICK LIQUIDATING TRUST TO REORGANIZED DEBTOR'S OBJECTION TO TRUST'S MOTION TO COMPEL – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2339 20181 dd16cy09km